# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT M. NEWTON,                              )
                                               )
        Plaintiff,                          )      Civil Action No. 18-1639
                                               )      Magistrate Judge Maureen P. Kelly
        v.                                  )
                                               )      Re: ECF No. 39
PENNSYLVANIA STATE POLICE,                     )
                                               )
        Defendant.                          )

## OPINION AND ORDER

**KELLY, Magistrate Judge**

Plaintiff Robert M. Newton ("Newton") initiated this action against Defendant Pennsylvania State Police (the "PSP"), alleging violations of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Count I) and violations of the Pennsylvania Human Relations Act (the "PHRA"), 43 Pa. Conn. Stat. § 955(a) (Count II). ECF No. 1. Newton alleges that the PSP discriminated against him because of a disability when it failed to promote him from the rank of Trooper to Corporal. Newton also alleges claims for harassment and retaliation. Id.

Presently before the Court is Newton's Motion for Partial Summary Judgment wherein he seeks judgment as a matter of law on the Rehabilitation Act claim (Count I) and part of the PHRA claims (Count II). ECF No. 39. For the reasons that follow, the Motion for Partial Summary Judgment will be denied as to the Rehabilitation Act claim, however, the PHRA claims must be dismissed based on Eleventh Amendment immunity.[1]

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case. ECF Nos. 6 and 8.

I.      **FACTUAL BACKGROUND**

Newton has worked for the PSP since September 25, 1995.  ECF No. 38 ¶ 1.  In March 1996, after Newton successfully completed the PSP Academy training program, the PSP promoted him to the rank of Trooper.  Id. ¶ 2. In 2001, Newton was diagnosed with an osteosarcoma in his left shoulder that metastasized to his lung.  Id. ¶ 3.  In February 2002, Newton underwent surgery to remove part of his shoulder, which resulted in him experiencing limitations with the use of his left arm.  Id. ¶ 4.  In August 2002, Newton was selected for the position of Procurement and Supply Officer in the PSP Staff Services Unit.  Id. ¶ 5.   In April 2003, the PSP placed Newton on permanent limited duty status.  Id. ¶ 6.

In the fall of 2015, Newton took the written and oral tests for promotion to the rank of Corporal.  Id. ¶ 8.  PSP bases promotions on the member's rank on the promotion list, which is determined by his/her score on the tests and then by seniority.  Id. ¶ 9.  Newton ranked 373 overall on the 2015-2016 PSP Corporal Promotion Examination Final Score Report.  Id. ¶ 10.

The PSP Operations Manual states that members on (permanent or temporary) limited duty status may be ineligible for promotion unless the member is able to return to fully duty status within 90 calendar days.  Id. ¶¶ 21-22. Newton has never submitted medical documentation indicating he can return to full duty within 90 calendar days.  Id. ¶ 23.

The PSP also has a practice of promoting individuals "in place."  A promotion-in-place is a promotion from one rank to another while still performing the same job function the member has already been performing in the lower rank.  Id. ¶ 11.  PSP does not have a policy or written procedure regarding promotions in place, but the Commissioner's office reviews the promotion eligibility list and determines if anyone is eligible for promotion-in-place.  Id. ¶¶ 12-14.

2

PSP asserts that it did not promote Newton from the rank of Trooper to Corporal because he did not submit medical documentation indicating that he could return to full duty.  Id. ¶ 24.

## II.    PROCEDURAL HISTORY

Newton commenced this action on December 7, 2018 with the filing of a Complaint.  ECF No. 1.  In Count I of the Complaint, Newton alleges violations of the Rehabilitation Act based on the PSP's refusal to promote him to the position of Corporal because of his disability, record of disability and/or perceived disability.  Id. ¶¶ 28-34.   In Count II, Newton alleges that he was subjected to harassment, discrimination and retaliation by the PSP based on his disability in violation of the PHRA.  Id. ¶¶ 35-37.

The PSP filed Defendant's Answer to Plaintiff's Complaint on February 25, 2019.  ECF No. 12. Thereafter, the parties conducted discovery.  Discovery closed on January 31, 2020.  ECF No. 26.

On March 16, 2020, Newton filed the instant Motion for Partial Summary Judgment and Brief in Support.  ECF Nos. 39 and 40.  Newton seeks judgment as a matter of law as to Count I, discrimination in violation of the Rehabilitation Act, and as to part of Count II, discrimination in violation of the PHRA.  ECF No. 39 ¶ 5. The PSP filed a Response to Plaintiff's Partial Motion for Summary Judgment (the "Response in Opposition") on April 20, 2020.  ECF No. 48.[2]  Newton filed a Reply Brief.  ECF No. 49.

The Motion for Partial Summary Judgment is now ripe for consideration.

---

[2] Pursuant to the scheduling order of this Court, any response to a motion for summary judgment was due by April 13, 2020. The PSP missed this deadline.  The PSP filed a Motion for Leave to File Response to Motion for Summary Judgment After Deadline.  ECF No. 41.  With the consent of Newton, the PSP was granted an extension of time until April 20, 2020 to file a response. ECF Nos. 44 and 45.

## III.     STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that: "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of material fact is in genuine dispute if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Doe v. Abington Friends Sch., 480 F.3d 252, 256 (3d Cir. 2007) ("A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof"). Thus, summary judgment is warranted where, "after adequate time for discovery and upon motion ... a party ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).

The moving party bears the initial burden of demonstrating to the court that there is an absence of evidence to support the non-moving party's case. Celotex, 477 U.S. at 322; see also Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)) (internal quotations omitted).

4

In deciding a summary judgment motion, a court must view the facts in the light most favorable to the nonmoving party and must draw all reasonable inferences and resolve all doubts in favor of the nonmoving party. Matreale v. N.J. Dep't of Military & Veterans Affairs, 487 F.3d 150, 152 (3d Cir. 2007); Woodside v. Sch. Dist. of Phila. Bd. of Educ., 248 F.3d 129, 130 (3d Cir. 2001).

## IV.   DISCUSSION

### A.   Rehabilitation Act Discrimination – Count I

Newton argues that summary judgment as to his Rehabilitation Act discrimination claim is proper because the PSP has admitted that it did not promote Newton because of his disability. ECF No. 40 at 3-7.  Specifically, Newton asserts that the only explanation offered by the PSP for the failure to promote Newton is that he was unable to provide documentation that he could return to full duty within 90 days.  Newton contends that this reason establishes that the PSP did not promote him because of his disability in violation of the Rehabilitation Act and, as such, there are no remaining material issues of fact.  Id. at 3.

In its Response in Opposition to Newton's Motion for Partial Summary Judgment, ECF No. 48, the PSP states that it is not disputed that Newton had limited use of his left arm and was on limited duty status. However, it argues that to be promoted "in place," an employee must meet the eligibility requirements provided for in the Collective Bargaining Agreement entered into by the Commonwealth of Pennsylvania and the Pennsylvania State Troopers Association.[3] Accordingly, the PSP's primary argument in opposition as to the Rehabilitation Act discrimination

---

[3] The PSP refers to the Collective Bargaining Agreement but fails to attach the Agreement or even the relevant portion as an appendix.  Of note, the PSP also cites to numerous facts in its Response in Opposition, but it fails to provide citations to the record.

claim, as well as the PHRA claim, is that the PSP had a legitimate nondiscriminatory reason for not promoting Newton "in place." The PSP states that Newton failed to produce documentation that he could return to full duty within 90 days, and so was not otherwise eligible for promotion. Id. at 2-5.

In considering Newton's Motion for Summary Judgment as to Count I, we begin by looking to the statute.  Section 504 of The Rehabilitation Act of 1973, 29 U.S.C. § 701 et. seq., applies to federal employers or employers who receive federal funding and "forbids employers from discriminating against persons with disabilities in matters of hiring, placement, or advancement." Shiring v. Runyon, 90 F. 3d 827, 830 (3d. Cir. 1996); see 29 U.S.C. § 794(a) (providing, in pertinent part, that "[n]o otherwise qualified individual with a disability in the United States … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance …"). Further, Section 504 adopts the provisions of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 et seq. and 12201-12204 and 12210. See 29 U.S.C. § 794(d).  As such, "[t]he standards used to determine whether the [Rehabilitation] Act has been violated are the same standards applied under the ADA."  Coleman v. Pa. State Police, 561 F. App'x. 138, 143 (3d Cir. 2014) (citing Emerson v. Thiel College, 296 F. 3d 184, 189 (3d Cir. 2002)).

"[T]he familiar framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 793-94, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), for Title VII cases is equally applicable to discrimination claims under the Rehabilitation Act."  Wishkin v. Potter, 476 F. 3d 180, 185 (3d Cir. 2007).  The McDonnell Douglas burden-shifting framework requires a plaintiff first to make

a *prima facie* showing of discrimination, which then shifts the burden to the employer to articulate some legitimate, nondiscriminatory reason for the employment action.  Id.  "If the defendant meets this burden, the presumption of discriminatory action raised by the prima facie case is rebutted," id. (citing Tex. Dep't. of Cmty. Affairs v. Burdine, 450 U.S. 248, 254-55(1981), but the plaintiff "must then be afforded an opportunity to show that the employer's stated reason for the employment action, such as the plaintiff's rejection or separation, was pretextual," id. (citing McDonnell Douglas, 411 U.S. at 804).

### 1. *Prima facie* case

A plaintiff can establish a *prima facie* case of disability discrimination under the Rehabilitation Act if he can show that:

> (1)   he is a handicapped individual under the Act;
>
> (2)   he is otherwise qualified for the position;
>
> (3)   he was discriminated against solely by reason of his handicap; and
>
> (4)   the program or activity in question receives federal financial assistance.

Menkovitz v. Pottstown Memorial Medical Center, 154 F.3d 113, 123 (3d Cir. 1998).  A plaintiff stating a claim under the Rehabilitation Act need not allege (or prove) an intent to discriminate on the part of the employer.  Id.  at 124 (citing W.B. v. Matula, 67 F.3d 484, 492 (3d Cir. 1995)).

In the instant case, Newton argues that it is not disputed that he can make out a *prima facie* case of disability discrimination.

With respect to the first prong, Newton recognizes that the Rehabilitation Act defines "disability" as any physical or mental impairment that substantially limits one or more major life

activities, a record of such an impairment or being regarded as having such an impairment. 29 U.S.C.A. § 705; 42 U.S.C.A. § 12102. In the instant case, Newton has limited use of his left arm and has been on permanent limited duty status with PSP since April 2003. ECF No. 38 ¶¶ 4, 6. PSP does not dispute that Newton's limited use of his left arm renders him substantially limited in one or more major life activity. Id. ¶ 7.

Likewise, regarding the second prong, there can be no dispute that Newton is otherwise qualified for the position as he has successfully worked as the Procurement and Supply Officer since August 2002. Id. ¶ 5.

As to the third prong, Newton argues that the PSP asserts that it did not promote Newton to Corporal because he did not submit medical documentation indicating that he can return to fully duty. Id. ¶ 24. That is the sole reason proffered by PSP for its failure to promote Newton to Corporal. Thus, PSP's own proffered rationale confirms the only reason Trooper Newton was not promoted to Corporal is because of his disability and/or record of disability.

Finally, it is undisputed that PSP operates a program or activity receiving federal financial assistance as defined by the Rehabilitation Act, 29 U.S.C. § 794. Id. ¶ 25.

In its Response in Opposition, the PSP does not contest Newton's assertion that it is undisputed that he can establish a prima facie case of discrimination under the Rehabilitation Act. Instead, the PSP begins its argument in opposition to the motion for summary judgment by simply arguing that it had a legitimate nondiscriminatory reason for not promoting Newton. ECF No. 48 at 2-3. Thus, the PSP concedes that Newton has established a *prima facie* case.

### 2.   Legitimate nondiscriminatory reason

As noted above, once the plaintiff makes the requisite showing of a *prima facie* case of discrimination under the Rehabilitation Act, the burden shifts to the defendant to rebut the presumption of discrimination by articulating "some legitimate, nondiscriminatory reason for the employment action." Wishkin v. Potter, 476 F.3d at 185.

In the instant case, the PSP contends that it has a legitimate nondiscriminatory reason for not promoting Newton from Trooper to Corporal.  Specifically, the PSP states that because Newton was on permanent limited duty status, he was prohibited from being promoted to Corporal "in place" as a Procurement and Supply Officer.   ECF No. 48 at 1-2.  The PSP argues that to be promoted to the Corporal position, Newton would have to provide medical records indicating that he could return to full duty status within 90 days of promotion. Id. at 2; ECF No. 48-3 at 82.  The PSP further asserts that Newton cannot return to full duty status because his medical condition prevents him from going on patrol, responding to emergency calls or carrying a firearm.  Id.   The PSP also states that "in place" promotions are reserved for "limited circumstances specialized positions including but not limited to, computer crimes, polygraph examiners, forensic sciences, etc. within the same troop." Id. at 3.  However, the PSP does not specifically cite to any particular PSP policy or operating procedure to support this contention.  Instead, the PSP makes a general reference to its September 2017 Enlisted Promotion Procedures but, upon review, the referenced document does not contain the language cited by the PSP.  ECF No. 48-2 at 6-14.

### 3.   Pretext

To demonstrate pretext, a plaintiff must "cast sufficient doubt upon each of the legitimate reasons proffered by a defendant so that the factfinder could reasonably conclude that each reason

was a fabrication or allow the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." Wishkin v. Potter, 476 F.3d at 185 (quoting Fuentes v. Perskie, 32 F.3d. 759, 762 (3d Cir. 1994)) (alterations omitted). "A plaintiff who has made out a prima facie case may defeat a motion for summary judgment by either '(1) discrediting the employer's proffered reasons, either circumstantially or directly, or (ii) adducing evidence, whether circumstantial or direct, that discrimination was more likely than not a motivating or determinative cause of the adverse employment action.'" Id. (quoting Fuentes, 32 F. 3d at 764).

In this case, Newton argues that the PSP has not articulated a legitimate, non-discriminatory reason for its failure to promote Trooper Newton to Corporal.  To the contrary, Newton argues that the PSP's proffered explanation for its failure to promote him is an admission that it based its decision on his disability (i.e., his inability to be cleared to full duty).  ECF No. 38 ¶ 24.

In his Reply Brief, Newton addresses two points raised by the PSP in its Response.[4]

### a.  2015 promotion test results

First, the PSP contends that Newton is not eligible for promotion due to his score on the 2017 promotion test.  ECF No. 48 at 3-4.  Newton responds that the promotions at issue in this case were based on the 2015 promotion testing results and points to three facts set forth in the Joint Statement of Undisputed Facts:

- ▪ Trooper Newton took the written and oral tests in the Fall of 2015 for promotion to the rank of Corporal;

---

[4] Newton correctly points out in his Reply Brief that the PSP proffers a purported legitimate nondiscriminatory reason but fails to provide citations to the evidence of record.  The PSP failed to file a Counter Statement of Facts and failed to provide reference to record citations for most of the facts set forth in its Response.  As such, the PSP's Response is not in compliance with the express requirements of Local Civil Rule 56.D.

- Trooper Newton ranked 373 overall on the 2015-2016 Pennsylvania State Police Corporal Promotion Examination Final Score Report (i.e. "the promotion list"); and

- Trooper Douglas Artman, who ranked 385 overall on the 2015-2016 promotion list, was promoted in place on March 11, 2017.

ECF No. 38 ¶¶ 8, 10 and 17. As such, Newton asserts that the PSP cannot dispute that as of March 11, 2017, it was still promoting members from Trooper to Corporal from the rankings on the 2015-2016 promotion list. Therefore, Newton's 2017 exam results have no relevance to the instant claim.

### b. "In place" promotions

Contrary to the PSP's assertion that "in place" promotions are reserved for limited "specialized" positions, Newton points again to the Joint Statement of Undisputed Facts and notes that it is undisputed that the PSP can and does promote individuals "in place." Id. ¶¶ 11, 16-17. Newton notes that the PSP ignores the following undisputed record facts:

- For purposes of promotion from Trooper to Corporal, any position that is outside of patrol is considered to be a specialized position; and

- Trooper Newton's position of Procurement and Supply Officer in the Staff Services Unit is a specialized position.

Id. ¶¶ 18, 20. Given that Newton's position is a specialized position, Newton argues that the PSP has failed to articulate any legitimate, nondiscriminatory reason for not promoting him "in place" based on his ranking on the 2015-2016 promotion list.

In addition, the PSP Commissioner reviews the promotion eligibility list and makes a determination if anyone on the eligibility list is eligible for promotion-in-place. Id. ¶ 13. During the relevant timeframe, PSP promoted 14 members "in place" from Trooper to Corporal, including

11

Trooper Douglas Artman, who ranked lower than Trooper Newton on the 2015-2016 promotion list. Id. ¶¶ 16-17. The Commissioner is responsible for making promotional decisions. Id. ¶ 14. Colonel Blocker, PSP Commissioner for the period December 2017 through December 2017, has not offered any explanation for his failure to grant Newton a promotion-in-place, despite making other comparable promotions. Id. ¶ 15.[5]

Newton argues that these undisputed facts unequivocally show that PSP took an adverse employment action against Trooper Newton because of his disability, record of disability, and/or perceived disability. ECF No. 40 at 8.

In sum, considering Newton's Motion for Summary Judgment as to his Rehabilitation Act disability discrimination claim, the Court is required to review the evidence in the light most favorable to the PSP as the nonmoving party. Here, even in so construing the evidence, it is undisputed that Newton establishes a *prima facie* case of disability discrimination. Although it is a close call, the Court concludes, however, that there is a genuine issue of material fact as to whether the PSP had a legitimate nondiscriminatory reason to refuse to promote Newton from Trooper to Corporal. In particular, PSP's evidence that a Trooper is required to certify his or her ability to  return to full duty within 90 days of promotion and/or PSP's evidence of job-specific "restrictions" for "in-place" promotions present material issues of fact requiring jury resolution regarding any purported legitimate reasons for the failure to promote Newton. As to pretext, while Newton has substantially discredited the PSP's proffered evidence and has adduced evidence that

---

[5] Pursuant to this Court's discovery sanction order dated February 19, 2020, ECF No. 37, PSP is precluded from introducing any testimony of Colonel Blocker at any point in this case, including affidavit testimony, testimony at trial and/or documents authored by Blocker, based on his failure to appear for a deposition in violation of a court order. ECF No. 31.

disability discrimination was more likely than not a motivating or determinative cause of the PSP's refusal to promote Newton, all record evidence must be construed in favor of the nonmoving party and, in this instance, presents disputed issues of fact to be decided by the jury at trial.   Accordingly, Newton's Motion for Partial Summary Judgment as to his Rehabilitation Act claims is denied.

### B.    PHRA – Sovereign Immunity

In its Response in Opposition to Newton's Motion for Partial Summary Judgment as to his PHRA discrimination claim, the PSP argues for the first time since this litigation was filed in 2018 that the PSP enjoys immunity from state actions under the Eleventh Amendment to the United States Constitution.  ECF No. 48 at 5.  The PSP contends that pursuant to 42 Pa. C.S. § 8521(b), Pennsylvania has not consented to suit in federal courts:

> (b) Federal courts. – Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.

42 Pa. C.S. § 8521(b).  *See also* Chittister v. Dep't of Community and Economic Development, 226 F.3d 223, 226 (3d. Cir. 2000).

The PSP argues that while the instant action is not being brought against state itself, it is well settled that "[t]he eleventh amendment's bar extends to suits against departments or agencies of the state having no existence apart from the state." Laskaris v. Thornburgh, 661 F. 2d 23, 225 (3d Cir. 1981) (citing Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274, 280 (1977)).

The PSP contends that although the PHRA waives Pennsylvania's immunity from actions brought in Pennsylvania state courts, federal courts throughout the Commonwealth have held that the applicable language of the PHRA does not operate as a waiver of Pennsylvania's Eleventh Amendment immunity.   Boone v. Pennsylvania Office of Vocational Rehabilitation, 373 F.

Supp.2d 484, 496 (M.D. Pa. 2005); Dennison v. Pennsylvania Department of Corrections, 268 F. Supp.2d 387, 405 (M.D. Pa. 2003). Therefore, the PSP now claims that Plaintiff's PHRA claims are barred by the Eleventh Amendment and this Court lacks jurisdiction to entertain them. As such, the PSP asks that all of Newton's PHRA claims be dismissed. ECF No. 48 at 7.

In his Reply Brief, Newton takes the position that the PSP is not entitled to sovereign immunity. Newton asserts that Pennsylvania courts have interpreted the PHRA's inclusion of the Commonwealth under the definition of "employer" to mean that it waived its sovereign immunity for PHRA claims. Boone v. Pennsylvania Office of Vocational Rehab., 373 F. Supp. 2d at 496 (citing City of Phila. v. Pa. Human Relations Comm'n, 684 A.2d 204, 208 (1996)). Newton acknowledges that while the PHRA has been held to waive Pennsylvania's immunity from suit in state court, such waiver does not necessarily subject Pennsylvania to a PHRA suit in federal court. See e.g. Moore v. Pennsylvania Dep't of Military & Veterans Affairs, 216 F. Supp. 2d 446, 454 (E.D. Pa. 2002). Newton argues that there are circumstances, however, where the state may waive its right to sovereign immunity and a plaintiff may proceed with a PHRA claim in federal court.

Newton points to the decision of a district court in Boone, where, for example, the court applied a "waiver-by-removal" rule and held that when a state defendant removes a case to federal court, the federal court should be permitted to hear any claim against the defendant that might have been heard in the state court from which the case was removed. Boone, 373 F. Supp. 2d at 494. Newton argues that the Boone court reasoned that the situation fell squarely within the Supreme Court's holding in Lapides v. Bd. of Regents of Univ. Sys. of Georgia, 533 U.S. 613, 122 S. Ct. 1640 (2002), and that Pennsylvania was prohibited from asserting immunity in federal court on a state law claim in which it expressly waived its immunity by statute. Id. at 617.

14

Newton further argues that akin to the "waiver-by-removal" scenario addressed by the Boone court, the PSP has waived its sovereign immunity defense by not previously raising its objection to the personal jurisdiction of the court in a motion to dismiss. *See* Fed. R. Civ. P. 12(b)(2); Fed. R. Civ. P. 12(h)(1). As such, Newton asserts that given that the PSP has explicitly waived sovereign immunity for PHRA claims and the PSP failed to timely object to this Court's jurisdiction to hear the PHRA claims, the PSP has waived its sovereign immunity defense. ECF No. 49 at 3-4.

Upon review, the Court recognizes at that outset that the PSP never filed a motion to dismiss in this case raising sovereign immunity.  Similarly, the PSP never filed a motion for summary judgment seeking to dismiss Newton's PHRA claims on the basis of sovereign immunity.[6] Now, only in response to Newton's Motion for Partial Summary Judgment, does the PSP in the last sentence of its Response in Opposition request dismissal of the PHRA claims based on sovereign immunity.  ECF No. 48 at 7.  This late in the game request by the PSP is procedurally deficient in that sovereign immunity should have been raised in a motion to dismiss, as is typical, or at least in a motion for summary judgment.  The PSP failed to do either.

Despite the neglect of the PSP in raising the defense of sovereign immunity at this later stage of this case, the law on this issue is clear.  The issue of Eleventh Amendment state sovereign immunity may be raised at any time, including "for the first time on appeal even if the state defended the merits of the suit in the district court."  Chittister v. Dep't of Community and Economic Development, 226 F.3d at 227 (citing Edelman v. Jordan, 415 U.S. 651, 677-78 (1974); Wheeling & Lake Erie Ry., 141 F.3d 88, 91 (3d Cir. 1998); College Sav. Bank v. Florida Prepaid

---

[6] The PSP represented to the Court during the post-discovery status conference that it did not intend to file a motion for summary judgment. ECF No. 33.

Postsecondary Educ. Expense Bd., 131 F.3d 353, 365 (3d Cir. 1997) ("Because the immunity issue

sufficiently partakes of the nature of a jurisdictional bar, it is an issue that may be raised any time

during the pendency of the case.  Merely because a state appears and offers defenses on the merits

of the case, it does not automatically waive Eleventh Amendment immunity.") (citations omitted)).

Thus, Newton's argument that the PSP waived this argument is without merit.

Although the PSP fails to recognize and cite to these rulings in its Response in Opposition,

federal district courts in Pennsylvania have specifically addressed the issue of whether the PSP has

Eleventh Amendment immunity relative to claims brought against the PSP under the PHRA.

In Merces-Clark v. Commonwealth. of Pennsylvania, United States District Judge

Lawrence Stengel conducted a detailed analysis of whether a federal district court has jurisdiction

over PHRA claims against the PSP.

> It is well-established that the Eleventh Amendment immunizes states and state
> agencies from federal court suits by private parties. Idaho v. Coeur d'Alene Tribe
> of Idaho, 521 U.S. 261, 267–68, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997). This
> immunity can be overcome only when a state consents to being sued or Congress
> specifically abrogates this immunity pursuant to a valid exercise of power. See
> Alden v. Maine, 527 U.S. 706, 755, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999); Bd.
> of Trs. of Univ. of Alabama v. Garrett, 531 U.S. 356, 363, 121 S.Ct. 955, 148
> L.Ed.2d 866 (2001). Eleventh Amendment immunity applies equally to state law
> claims brought in federal court pursuant to supplemental jurisdiction. Pennhurst
> State School & Hospital et al. v. Halderman et al., 465 U.S. 89, 121, 104 S.Ct. 900,
> 79 L.Ed.2d 67 (1983). It is a jurisdictional bar which deprives courts of subject
> matter jurisdiction and can be raised at the earliest stages of litigation under Federal
> Rule of Civil Procedure 12(b)(1). Nelson, 244 F. Supp. 2d at 386 (citations
> omitted).

> The Pennsylvania Human Relations Act (PHRA) is a Pennsylvania state statute
> and, thereby, did not include a Congressional abrogation of Eleventh Amendment
> immunity. While the Pennsylvania legislature waived immunity for suit under the
> PHRA in its own courts, the Commonwealth of Pennsylvania has not waived its
> Eleventh Amendment immunity for PHRA claims brought in federal courts. See
> Mansfield State College v. Kovich, 46 Pa. Cmwlth. 399, 407 A.2d 1387, 1388
> (Pa.Commw.Ct.1979). No waiver of immunity from suit in its own courts "shall be

construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." 42 Pa.C.S. § 8521(b).

In addition, state agencies like the PSP retain their Eleventh Amendment immunity from PHRA claims brought in federal court. See, e.g., Mitchell v. Miller, 884 F. Supp. 2d 334, 380–81 (W.D. Pa.2012); Howard v. Pennsylvania Dept. of Public Welfare, No. 11–1938, 2011 WL 5341301, at *9 (E.D. Pa. Nov. 3, 2011) (citation omitted). Therefore, the Eleventh Amendment serves as a jurisdictional bar to PHRA claims brought against the Commonwealth and its state agencies in federal court. See Boone v. Pennsylvania Office of Vocational Rehabilitation, 373 F. Supp. 2d 484, 496 (M.D. Pa. 2005); Dennison v. Pennsylvania Dept. of Corrections, 268 F. Supp. 2d 387, 405 (M.D. Pa. 2003); Moore v. Pennsylvania Dept. of Military & Veterans Affairs, 216 F. Supp. 2d 446, 454 (E.D. Pa. 2002).

No. 13-02111, 2013 WL 6096324, at *2-3 (E.D. Pa. Nov. 19, 2013).

Based on this finding, Judge Stengel dismissed the PHRA claims against the PSP and the Commonwealth based on lack of jurisdiction over these claims. Id.

More recently, in Jones v. Pennsylvania State Police, et. al., No. 16-4205, 2016 WL 740448, at *3 (E.D. Pa. Dec. 21, 2016), United States District Judge Wendy Beetlestone, in considering a motion to dismiss the plaintiff's PHRA claims against the PSP, recognized that:

Although Pennsylvania has waived its immunity to suit under PHRA claims in Pennsylvania courts, it has expressly reserved immunity to suit in federal courts. See 42 Pa. Cons. Stat. § 8521(b); Abbott-Benson v. Cheyney Univ. of Pennsylvania, No. 15-CV-1861, 2015 WL 5544968, at *5 (E.D. Pa. Sept. 18, 2015) ("While the Third Circuit has not ruled on this issue, the district courts have uniformly found that Pennsylvania has not consented to suite in federal court under the PHRA." (citing cases)).

See also, Holt v. Commonwealth of Pennsylvania, et. al., No. 17-2511, 2018 WL 2363535, at *5 (E.D. Pa. May 24, 2018) (Dismissal of PHRA claim against the PSP based on Eleventh Amendment immunity in federal court.)

Further, this Court in Sheldon v. Neal, No. 11-1128, 2012 WL 4482026, at *2 (W.D. Pa. Aug. 28, 2012) rejected a "novel articulation" of a PHRA claim against the PSP and held that "[i]t

is well settled that the PSP is an agency or arm of the state, and, therefore, entitled to the same Eleventh Amendment immunity which the Commonwealth enjoys." Id. (citations omitted).

In the instant case, although the PSP failed to raise immunity to Newton's PHRA claims at each step of this litigation, and now only raises it defensively in response to Newton's Motion for Partial Summary Judgment, the issue of immunity must be addressed. Consistent with the decisions of this Court and other district courts within the Third Circuit, as set forth in Merces-Clark and Jones, the Court must find that Newton's PHRA claims against the PSP before this federal court are barred based on Eleventh Amendment immunity.[7]

In the absence of immunity, however, the Court notes that Newton's Motion for Summary Judgment as to his PHRA disability discrimination claim would be subject to the same analysis applied to his Rehabilitation Act discrimination claim. Accordingly, viewing the evidence in the light most favorable to the PSP as the nonmoving party, the Court would reach the same result. First, it is undisputed that Newton establishes a *prima facie* case of disability discrimination. Second, there is a genuine issue of material fact as to whether the PSP had a legitimate nondiscriminatory reason to refuse to promote Newton from Trooper to Corporal. Third, as to pretext, Newton has substantially discredited the PSP's proffered evidence and adduced evidence that disability discrimination was more likely than not a motivating or determinative cause of the PSP's refusal to promote Newton. Nonetheless, the evidence, construed in favor of the nonmoving party, results in disputes of fact that would otherwise require jury resolution. Despite these issues

---

[7] It is noted that the cases relied upon by Newton arguing against immunity are not applicable here. The Boone decision that Newton primarily relies on is distinguishable from this case. There, the PHRA claims were initially filed in state court and removed to federal court by the state agency. Such a procedural history of "waiver by removal" is not present in this case.

of fact, however, the Court must dismiss Newton's PHRA claims as barred by the doctrine of sovereign immunity.

## V.     CONCLUSION

For the foregoing reasons, Newton's Motion for Partial Summary Judgment is denied. Furthermore, the PHRA claims asserted in Count II of the Complaint are hereby dismissed on the basis of Eleventh Amendment immunity. The case will be scheduled for trial as to the Rehabilitation Act discrimination claims asserted in Count I of the Complaint.  Accordingly, the following Order is entered:

### ORDER

AND NOW, this 21st day of May, 2020, upon consideration of Plaintiff's Motion for Partial Summary Judgment, ECF No. 39, and the briefs and exhibits filed in support and in opposition thereto, ECF Nos. 40, 48, and 49, and for the reasons set forth in the accompanying Opinion, IT IS HEREBY ORDERED that the Motion for Partial Summary Judgment is denied. IT IS FURTHER ORDERED that Plaintiff's PHRA claims asserted in Count II of the Complaint are hereby DISMISSED with prejudice based on Eleventh Amendment immunity.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order, he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record by Notice of Electronic Filing