IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT M. NEWTON, | ) |
| Plaintiff, | ) Civil Action No. 18-1639 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF No. 75 |
| PENNSYLVANIA STATE POLICE, | ) |
| Defendant. | ) |

**ORDER OF COURT**

Pending before the Court is the Motion for Reconsideration filed of behalf of Defendant Pennsylvania State Police (the "PSP"). ECF No. 75. The Motion seeks reconsideration of the Court's Order dated February 19, 2020, precluding the presentation of testimony by Tyree Blocker at the anticipated trial of this matter. ECF No. 37. Counsel for the PSP represents that Mr. Blocker's testimony "was precluded as a result of prior defense counsel's inability to make him available for deposition, an error which current defense counsel seeks to remedy…." ECF No. 75 at 3. Plaintiff Robert M. Newton ("Mr. Newton") has filed his response, ECF No. 77, and the motion is ripe for consideration. For the reasons that follow, the Motion for Reconsideration is denied.

I.    **Facts and Procedural History**

The docket of this matter reflects a long history of dilatory conduct on the part of the PSP and its prior counsel, particularly regarding the deposition of Mr. Blocker. Mr. Newton's counsel noticed and then rescheduled Mr. Blocker's deposition at the request of PSP counsel and at dates mutually agreeable to the parties; however, Mr. Blocker failed to show, and PSP counsel failed to timely notify Mr. Newton's counsel as to his unavailability at least twice. On one occasion, no

1

notice at all was provided, leaving Plaintiff's counsel, Mr. Newton, and a retained court-reporter to await telephone confirmation from PSP counsel that the scheduled deposition would not take place. On another occasion, Mr. Newton's counsel was provided less than 24 hours' notice that the deposition would not take place, apparently because Mr. Blocker refused to respond to PSP counsel's emails. Counsel also filed an unopposed Emergency Motion to Compel Attendance Mr. Blocker's attendance at his scheduled deposition, that this Court granted. ECF Nos. 28 and 31. Despite the Order, the deposition did not occur.

Newton filed two Motions for Sanctions related to this conduct. ECF Nos. 27 and 35. The PSP did not oppose either Motion for Sanctions, and this Court entered an order precluding Mr. Blocker's deposition and requiring the PSP to compensate Mr. Newton for time lost from work and for expenses related to the scheduled deposition. ECF No. 37. Two months later, counsel for PSP confirmed that "Defendant will not seek the testimony of Tyree Blocker at any point in this case, including affidavit testimony, testimony at trial or documents authorized by Tyree Blocker." ECF No. 45.

The pending motion follows some eight months later and inexplicably recounts none of this well-documented history.

## II. Standard of Review

Motions for reconsideration are appropriate only "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café *ex rel.* Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). To succeed on a motion for reconsideration, the movant must show that one or more of the following circumstances exist: (1) an intervening change in the controlling law; (2) new evidence is available that was not available when the court made the prior decision; or (3) there is a need to correct a manifest injustice or a clear legal or

factual error in the prior decision.  U.S. *ex rel.* Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 848–49 (3d Cir. 2014).  A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked ….  It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through – rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of prior orders and judgments, motions for reconsideration should be granted sparingly.  Rossi v. Schlarbaum, 600 F. Supp. 2d 650, 670 (E.D. Pa. 2009).

### III.     Discussion

The PSP's motion fails to present any argument regarding the factors this Court is to weigh in resolving a Motion for Reconsideration.  Plainly, no change of law has occurred, and no new evidence is available that was unavailable when the court made the prior decision.  All that remains is that a change in counsel has occurred, Mr. Blocker is now available by video and, without explanation, he is "the only individual able to testify about approving Plaintiff's overtime."  ECF No. 75 ¶¶ 19, 23.  The relevance of Mr. Blocker's testimony is not a change in circumstance and does not obviate PSP's confirmation that after failing to oppose any prior Motion for Sanctions, it would not "seek the testimony of Mr. Blocker at any point in this case."

Accordingly, this 8th day of December 2020, IT IS HEREBY ORDERED that the Motion for Reconsideration, ECF No. 75, is **DENIED**.

    BY THE COURT:

      */s/ Maureen P. Kelly*
    MAUREEN P. KELLY
    UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF