**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT M. NEWTON, | Civil Action No. 2:18-cv-01639 |
| Plaintiff, | |
| v. | Magistrate Judge Maureen P. Kelly |
| PENNSYLVANIA STATE POLICE, | |
| Defendant. | JURY TRIAL DEMANDED |

## SECOND AMENDED COMPLAINT

Plaintiff, Robert M. Newton, by undersigned counsel, files this Amended Complaint.

### I. Jurisdiction

1. The Jurisdiction of this Court is invoked pursuant to the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§12101, *et seq.* as amended; 28 U.S.C. §§ 1331 and 1343(a)(4); and the Rehabilitation Act of 1973, 29 U.S. § 794a(a)(2) and 28 U.S.C §§1343(a)(3) and (a)(4) and 1331.

### II. Administrative Exhaustion

2. Plaintiff has satisfied all procedural and administrative requirements set forth in 42 U.S.C. §12102, *et seq.* in that:

    a. On or about September 15, 2020, Plaintiff filed a timely charge alleging disability discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC);

    b. Plaintiff received a Dismissal and Notice of Rights from the EEOC dated December 18, 2020.

    c. This case was filed within 90 days of receipt of the Dismissal and Notice of Rights.

### III. The Parties

3. Plaintiff, Robert M. Newton, is a qualified individual with a disability who resides in Butler County, Pennsylvania. At all times relevant hereto, he was an employee of Defendant, Pennsylvania State Police.

4. Defendant, Pennsylvania State Police, is the state police agency of Pennsylvania, responsible for statewide law enforcement. Its principal place of business is located at 1800 Elmerton Avenue, Harrisburg, Pennsylvania 17110. Defendant is a covered program or activity receiving federal financial assistance within the meaning of the Rehabilitation Act of 1973, 29 U.S.C. §794(b)(2)(A) in that it employs more than 15 individuals.

### IV. Factual Background

5. Newton started working for Defendant as a Cadet on September 25, 1995 as a State Trooper.

6. After successful completion of the Academy training, Newton graduated in March 1996 and was promoted to the rank of Trooper.

7. Since August 2002, Newton has held the position of Procurement and Supply Officer in the Staff Services Unit.

8. At all times during his employment, Newton performed his job in a competent and acceptable manner.

9. In 2001, Newton was diagnosed with an osteosarcoma in his left shoulder that metastasized in his lung, causing him to undergo surgery in 2002 and a second surgery in 2008 when a tumor returned in his lung.

10. Part of Newton's shoulder was removed in the first surgery, which resulted in Newton experiencing some limitations with the use of his left arm.

11. In the fall 2015, Newton took the written and oral tests for promotion to the rank of Corporal.

12. Defendant began promoting individuals who were ranked in the top half of the list.

13. In December 2016, Defendant published the second half of the list of individuals who took the fall 2015 promotion test and Defendant began promoting individuals who were at the top of the list.

14. In February 2017, Defendant passed over Newton for a promotion to the rank of Corporal.

15. Promotions are based on the individual's rank on the promotion list, which is determined by his/her score on the test and then by seniority if there is a tie between candidates.

16. During the relevant period, Defendant had eight openings for Corporal positions.

17. Three of the eight openings were in Troop D, the troop in which Newton was already assigned.

18. At times, Defendant will promote an individual in place, meaning the individual is promoted in title/rank but continues to perform the identical job function he/she has already been performing in the lower rank.

19. Defendant passed over Newton and promoted several individuals who were ranked lower than Newton on the promotion list.

20. Defendant admits it did not promote Newton because of his limited duty status.

21. On December 7, 2018, Newton filed the within federal lawsuit alleging discrimination in violation of the Rehabilitation Act (ECF Doc. No. 1).

22. On August 13, 2020, Defendant advised Newton that Defendant was terminating his employment because Defendant's Collective Bargaining Agreement states that members placed on Permanent Limited Duty Status are not guaranteed limited duty after the member reaches twenty-five years of creditable service.

23. Defendant forced Newton to retire effective September 5, 2020.

24. Defendant terminated Newton because of his disability and/or record of disability.

### Count I:  The Rehabilitation Act
### Failure to Promote

25. Plaintiff incorporates paragraphs 1 through 24 as if fully restated herein.

26. Newton is disabled within the meaning of the Rehabilitation Act in that he has (a) a physical impairment which substantially limits one or more of his major life activities; (b) has a record of such impairment; or (c) is regarded as having such impairment.

27. Newton suffers from limitations in the use of his left arm.

28. Defendant operates a program or activity receiving Federal financial assistance as defined by the Rehabilitation Act, 29 U.S.C. §794.

29. Newton was and is qualified to work as a Corporal.

30. By refusing to promote Newton because of his disability, record of disability and/or perceived disability, Defendant excluded Newton from participation in, denied him

the benefit of, and subjected him to discrimination in a program or activity receiving federal financial assistance, in violation of the Rehabilitation Act.

31. As a direct and proximate result of Defendant's failure to promote Newton, he has suffered and continues to suffer damages, including but not limited to lost wages and benefits and emotional distress, humiliation and inconvenience.

WHEREFORE, Plaintiff demands judgment against Defendant for violation of the Rehabilitation Act as follows:

    a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Rehabilitation Act;

    b. That Defendant be ordered to promote Plaintiff and provide him accumulated seniority, fringe benefits and all other rights;

    c. That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

    d. That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Rehabilitation Act;

    e. That the Court award Plaintiff punitive damages as a result of Defendant's violations of the Rehabilitation Act;

    f. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Rehabilitation Act;

    g. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    h. That the Court grant Plaintiff additional relief as may be just and proper.

### Count II:  The Rehabilitation Act
### Termination

32. Plaintiff incorporates paragraphs 1 through 31 as if fully restated herein.

33. Newton is disabled within the meaning of the Rehabilitation Act in that he has (a) a physical impairment which substantially limits one or more of his major life activities; (b) has a record of such impairment; or (c) is regarded as having such impairment.

34. Newton suffers from limitations in the use of his left arm.

35. Defendant operates a program or activity receiving Federal financial assistance as defined by the Rehabilitation Act, 29 U.S.C. §794.

36. Newton was and is qualified to work as a Corporal.

37. By terminating Newton because of his disability, record of disability and/or perceived disability, Defendant excluded Newton from participation in, denied him the benefit of, and subjected him to discrimination in a program or activity receiving federal financial assistance, in violation of the Rehabilitation Act.

38. As a direct and proximate result of Defendant's termination of Newton, he has suffered and continues to suffer damages, including but not limited to lost wages and benefits and emotional distress, humiliation and inconvenience.

WHEREFORE, Plaintiff demands judgment against Defendant for violation of the Rehabilitation Act as follows:

    a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Rehabilitation Act;

    b. That Defendant be ordered to reinstate Plaintiff and provide him accumulated seniority, fringe benefits and all other rights;

    c.    That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

    d.    That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Rehabilitation Act;

    e.    That the Court award Plaintiff punitive damages as a result of Defendant's violations of the Rehabilitation Act;

    f.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Rehabilitation Act;

    g.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    h.    That the Court grant Plaintiff additional relief as may be just and proper.

### **Count III:  The Rehabilitation Act**
### **Retaliation**

39.    Plaintiff incorporates paragraphs 1 through 38 as if fully restated herein.

40.    Newton is disabled within the meaning of the Rehabilitation Act in that he has (a) a physical impairment which substantially limits one or more of his major life activities; (b) has a record of such impairment; or (c) is regarded as having such impairment.

41.    Newton suffers from limitations in the use of his left arm.

42.    Defendant operates a program or activity receiving Federal financial assistance as defined by the Rehabilitation Act, 29 U.S.C. §794.

43. Newton engaged in protected activity by filing a federal lawsuit against Defendant for violation of the Rehabilitation Act.

44. Defendant terminated Newton in retaliation for his protected activity.

45. By terminating Newton because of his protected activity, Defendant excluded Newton from participation in, denied him the benefit of, and subjected him to discrimination in a program or activity receiving federal financial assistance, in violation of the Rehabilitation Act.

46. As a direct and proximate result of Defendant's termination of Newton, he has suffered and continues to suffer damages, including but not limited to lost wages and benefits and emotional distress, humiliation and inconvenience.

WHEREFORE, Plaintiff demands judgment against Defendant for violation of the Rehabilitation Act as follows:

   a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Rehabilitation Act;

   b. That Defendant be ordered to reinstate Plaintiff and provide him accumulated seniority, fringe benefits and all other rights;

   c. That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

   d. That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Rehabilitation Act;

   e. That the Court award Plaintiff punitive damages as a result of Defendant's violations of the Rehabilitation Act;

  f. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Rehabilitation Act;

  g. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

  h. That the Court grant Plaintiff additional relief as may be just and proper.

### Count IV:  Americans with Disabilities Act Discrimination

47. Plaintiff incorporates by reference the allegations of paragraphs 1 through 46 as if fully restated herein.

48. Newton is a qualified individual with a disability within the meaning of the ADA.

49. Defendant terminated Newton because of his disability, record of disability and/or perceived disability in violation of Section 102(a) of the ADA, 42 U.S.C. §12112(a).

50. Defendant's actions of terminating Newton because of his disability, record of disability and/or perceived disability were undertaken with reckless indifference to Newton's federally protected right to be employed without regard for his disability.

51. As a direct result of Defendant's discriminatory actions in violation of the ADA, Newton has lost wages and other economic benefits of his employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff demands judgment against Defendant for violation of the Americans with Disabilities Act as follows:

  a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the ADA;

    b.    That Defendant be ordered to reinstate Newton and provide him accumulated seniority, fringe benefits and all other rights;

    c.    That Defendant be required to compensate Newton for the full value of wages he would have received had it not been for Defendant's illegal treatment of Newton, with interest, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

    d.    That Defendant be required to provide Newton with front pay if the Court determines reinstatement is not feasible, including compensation for any impact on Newton's future retirement/pension benefits;

    e.    That Defendant be required to compensate Newton for lost benefits, including profit sharing and/or pension benefits until Newton's normal retirement date;

    f.    That Newton be awarded compensatory damages in an amount to be determined at trial;

    g.    That Defendant be ordered to pay Newton punitive damages;

    h.    That Defendant be enjoined from discriminating or retaliating against Newton in any manner prohibited by the ADA;

    i.    That Newton be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

    j.    That Newton be granted such further legal and equitable relief as the Court may deem just and proper.

### **Count V: Americans with Disabilities Act Retaliation**

52.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 51 as if fully restated herein.

53. While employed by Defendant, Newton filed two EEOC Charges of Discrimination and filed the within lawsuit in December 2018, alleging disability discrimination.

54. Defendant terminated Newton following his complaints of disability discrimination.

55. Defendant's retaliation in response to Newton's protected activity is a violation of the ADA.

56. As a direct result of Defendant's retaliatory actions in violation of the ADA, Newton has lost wages and other economic benefits of his employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff demands judgment against Defendant for violation of the Americans with Disabilities Act as follows:

    a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the ADA;

    b. That Defendant be ordered to reinstate Newton and provide him accumulated seniority, fringe benefits and all other rights;

    c. That Defendant be required to compensate Newton for the full value of wages he would have received had it not been for Defendant's illegal treatment of Newton, with interest, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

    d. That Defendant be required to provide Newton with front pay if the Court determines reinstatement is not feasible, including compensation for any impact on Newton's future retirement/pension benefits;

    e. That Defendant be required to compensate Newton for lost benefits, including profit sharing and/or pension benefits until Newton's normal retirement date;

f.    That Newton be awarded compensatory damages in an amount to be determined at trial;

g.    That Defendant be ordered to pay Newton punitive damages;

h.    That Defendant be enjoined from discriminating or retaliating against Newton in any manner prohibited by the ADA;

i.    That Newton be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

j.    That Newton be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted:

**JOHNSTON LYKOS, LLC**

*/s/ Nikki Velisaris Lykos*
Nikki Velisaris Lykos
PA I.D. No. 204813

Colleen Ramage Johnston
PA I.D. No. 64413

525 William Penn Place
28th Floor
Pittsburgh, PA  15219
(412) 325-7700 (phone)
(412) 325-7755 (fax)
nlykos@johnstonlykos.law
cjohnston@johnstonlykos.law

Attorneys for Plaintiff