IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT M. NEWTON, | ) |
| Plaintiff, | ) Civil Action No. 18-1639 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF No. 94 |
| PENNSYLVANIA STATE POLICE, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Plaintiff Robert M. Newton ("Newton") presents a Motion in Limine to Preclude Defendant From Introducing Evidence, Opinion, Testimony, or Argument of Plaintiff's Receipt of Pension Benefits after his termination from the Pennsylvania State Police ("PSP"). ECF No. 94. Upon consideration of the Motion, the briefs filed by the parties in support and in opposition thereto, and for the reasons that follow, the Motion in Limine is granted.

I.     **FACTUAL BACKGROUND**

In this employment discrimination case, Newton seeks damages in the form of back pay, front pay, and compensation for emotional distress, as available under the Rehabilitation Act of 1973, 29 U.S. § 794a(a)(2) and 28 U.S.C §§1343(a)(3) and (a)(4) and 1331, and the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*.

Newton contends that solely because of his disability, the PSP refused to promote him to the position of Corporal even though he was qualified and could have performed the essential functions of the position, and was otherwise entitled to a promotion through the PSP's practice of promoting individuals "in place." Newton further alleges that the PSP wrongfully terminated him

1

because of his disability, in violation of the Rehabilitation Act as well as the Americans with Disabilities Act. ECF No. 81.

As the parties are aware, the Court may exercise its discretion and obtain an advisory verdict from the jury as to back pay and front pay damages. In the event that the Court decides to obtain such as advisory verdict, Newton anticipates that the PSP will seek to introduce evidence of Newton's pension benefits to reduce his back pay and front pay damages. ECF No. 95 at 1.

Newton argues that pension benefits are subject to the collateral source rule and thus may not be introduced into evidence to reduce any recovery that may be awarded. Id. at 2. PSP responds that evidence of amounts received from the Pennsylvania State Employees Retirement System ("SERS") is relevant to Newton's obligation to mitigate damages for both back pay and front pay and his receipt of these benefits is not otherwise precluded by the collateral source doctrine. ECF No. 103 at 1-2.

**II.   STANDARD OF REVIEW**

"The Court exercises its discretion to rule in limine on evidentiary issues 'in appropriate cases.'" Frintner v. TruePosition, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012) (quoting In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 260 (3d Cir.1983), *rev'd on other grounds sub nom.*, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)). Thus, the Court may decide in limine motions "to ensure the jury is not exposed to unfairly prejudicial, confusing, or irrelevant evidence, even if doing so may limit a party's defenses." Frintner, 892 F. Supp. 2d at 707 (citing United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988)).

In this case, Newton seeks to exclude evidence of pension benefits based on relevance and potential prejudice grounds. Rule 402 of the Federal Rules of Evidence provides that "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States

2

Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Fed. R. Evid. 402. Under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Under the balancing test of Rule 403, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III. DISCUSSION

Newton contends the PSP intends to use evidence of pension benefits he received after his involuntary termination to improperly reduce the total amount of damages potentially awarded to him, contrary to applicable precedent regarding the purpose of remedies for discrimination. See ECF No. 95 at 1 (citing McDowell v. Avtex Fibers, Inc., 740 F.2d 214, 217-218 (3d Cir. 1984), *vacated and remanded on other grounds,* 469 U.S. 1202 (1985)).

PSP responds that Newton improperly conflates the various types of damages sought, that McDowell only applies to back pay awards and not to front pay, and that as a state government defendant, it is entitled to a setoff pursuant to Dillon v. Coles, 746 F.2d 998, 1007 (3d Cir. 1984). ECF No. 103. Upon review, the Court is not persuaded by PSP's arguments.

"Congress designed the remedial measures in [anti-discrimination laws] to serve as a 'spur or catalyst' to cause employers 'to self-examine and to self-evaluate their employment practices and to endeavor to eliminate, so far as possible, the last vestiges' of discrimination. Deterrence is one object of these statutes. Compensation for injuries caused by the prohibited discrimination is another." McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 358 (1995) (internal citations

3

omitted); see also, Eshelman v. Agere Sys, Inc., 554 F.3d 426, 440 (3d Cir. 2009) (Congressional intent of remedial measures to deter employers and compensate victims is the same under the ADA). The receipt of collateral benefits such as Social Security, welfare programs, unemployment compensation, and pension benefits during a period of unemployment therefore does not impact an award of damages, even in the face of arguments that a plaintiff may receive a double recovery. Rather, in that event, the United States Court of Appeals for the Third Circuit has found "no reason why the benefit [of collateral benefits] should be shifted to the defendant." Maxfield v. Sinclair Int'l, 766 F.2d 788, 794 (3d Cir. 1985). "As between the employer, whose action caused the discharge, and the employee, who may have experienced other noncompensable losses, it is fitting that the burden be placed on the employer." Id. at 795. Moreover, an offset could "effectively eliminate the benefit" and intent of anti-discrimination laws based on the happenstance of an employee qualifying for a pension or Social Security. Id.

Recovery of back pay or front pay is not unlimited, and a plaintiff is obligated to mitigate damages. Regarding an award of backpay pursuant Title VII, "Congress … explicitly required a deduction for interim earnings and amounts earnable with reasonable diligence"; however, "its failure to provide for other setoffs should be given effect." Id. at 793 (citing Craig v. Y & Y Snacks, Inc., 721 F.2d 77, 82 (3d Cir. 1983)). Thus, earnings obtained through alternative suitable employment after termination may be considered and deducted, but not amounts received through recognized collateral benefits such as pension benefits.

Evidence of Newton's receipt of pension benefits from PSP after his termination also is not relevant to his claim for front pay. In this regard, "pension benefits received *from a subsequent employer* are simply another form of earned income, which, of course, may be set off from a front pay award consistent with plaintiff's duty to mitigate damages." Blum v. Witco Chem. Corp., 829

4

F.2d 367, 375 (3d Cir. 1987)(italics added). That said, pension benefits received for past employment with the defendant "are an integral part of an employee's compensation package, and indeed are generally referred to as deferred compensation." Id. at 374. In this respect, pension payments have been "*earned*" and thus are a collateral benefit and not deductible. Doyne v. Union Elec. Co., 953 F.2d 447, 452 (8th Cir. 1992) (quoting EEOC v. O'Grady, 857 F.2d 383, 391 (7th Cir. 1988) (district court did not abuse its equitable discretion when it refused to deduct pension benefits from award of front pay)); see also, U.S. Equal Emp. Opportunity Comm'n v. Consol Energy, Inc., 860 F.3d 131, 150 (4th Cir. 2017) (pension benefits received were a standard term of [plaintiff's] employment, rather than compensation for or indemnification against a Title VII violation, and employer therefore not entitled to offset pension benefits against damages award that included both front and back pay).

PSP next relies on Dillon v. Coles, 746 F.2d 998 (3d Cir. 1984) for the proposition that because Newton's pension benefits are paid through a state defined benefit plan, an offset is warranted "with all other forms of interim earnings." ECF No. 103. In Dillon, the plaintiff brought a Title VII gender discrimination claim against a Commonwealth of Pennsylvania agency. She was awarded back pay and the defendants were directed to hire her. Plaintiff appealed a question of law over the trial court's deduction of unemployment benefits from her back pay award, characterized by her as collateral benefits. Citing Craig, the United States Court of Appeals for the Third Circuit acknowledged that ordinarily deducting unemployment compensation payments from a back pay award is improper and "would in effect relieve the employer of part of its obligation to make the plaintiff whole." Id. at 1006. Yet, there was a "significant and controlling difference" between Craig and the case before it based on the employer's status as "the state itself."

> As Craig pointed out, a Pennsylvania statute provides for recoupment of those benefits by the state when back pay has been awarded. PA.STAT.ANN. tit. 43, §

5

> 874(b)(3) (Purdon Supp.1982). That being so, the circumstances presented here establish an obligation by the state to satisfy the back pay award and a duty by plaintiff to repay the unemployment benefits from the award. It would be wasteful of public funds to require the state to institute the separate suit it is authorized to bring to recoup part of the back pay award.

Id. at 1007. "Thus it is clear that the outcome in Dillon depended upon the fact that under Pennsylvania law the Commonwealth's unemployment compensation fund had a substantive cause of action for recoupment from recipients of back pay awards who had received fund benefits." Gelof v. Papineau, 829 F.2d 452, 455 (3d Cir. 1987). Here, in contrast, PSP does not point to a statute requiring or permitting recoupment of pension benefits received by Newton and thus Dillon has no apparent application despite PSP's status as a Commonwealth employer.

Finally, PSP contends that evidence of pension benefits received is relevant to Newton's general obligation to mitigate damages and is therefore admissible as evidence that he may not have been motivated to seek other employment. ECF No. 103 at 2. In Maxwell, the Third Circuit determined that "[i]n connection with [the employer's] claim that [the plaintiff] failed to mitigate damages, the district court admitted the testimony as to Maxfield's Social Security benefits and Sinclair was permitted to, and did, argue to the jury that Maxfield was better off after his forced retirement." Maxwell, 766 F.2d at 795. The Third Circuit also concluded, however, that the employer was not entitled to a setoff equal to the benefits received. Id. at 793-794.

Over a decade later, in Witlowski v. Int'l Bhd. of Boilermakers, 404 F. App'x 674, 677-78 (3d Cir. 2010) (nonprecedential), a three judge panel of the Third Circuit determined that the district court's decision to exclude evidence of pension and social security benefits was neither arbitrary or unreasonable, and "was not an abuse of discretion" where the employer sought to introduce pension benefits and social security payments to establish the plaintiff's failure to mitigate damages resulting from discrimination. The district court "noted the risk that the jury

6

might be tempted to improperly take into account monies [the plaintiff] received" and improperly deduct that amount from an award of backpay. Id. Thus, the evidence was considered more prejudicial than probative and properly excluded. As to mitigation, the district court allowed the employer "to ask questions regarding [the plaintiff's] financial circumstances" on cross-examination but could not mention his pension or social security benefits. Id.

Here, if applicable, the Court may permit testimony or evidence related to Newton's forced retirement and withdrawal from the employment market as relevant to his duty to mitigate his damages. Tomasso v. Boeing Co., No. 03-4220, 2007 WL 2458557, *3-4 (E.D. Pa. Aug. 24, 2007) (citing Tubari Ltd., Inc. v. NLRB, 959 F.2d 451, 454 (3d Cir. 1992) ("[A]n employer meets its burden on the mitigation issue by showing that the employee has withdrawn from the employment market.")). However, evidence of Plaintiff's receipt of pension benefits or other collateral benefits will not be admitted as it remains irrelevant and unfairly prejudicial.

An appropriate Order follows:

**ORDER**

For the reasons set forth in the accompanying Memorandum, the Motion in Limine to Preclude Defendant From Introducing Evidence, Opinion, Testimony or Argument of Plaintiff's Receipt of Pension Benefits, ECF No. 94, is granted.

Dated: October 6, 2021

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record via CM/ECF