IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT M. NEWTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-1639 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF No. 96 |
| PENNSYLVANIA STATE POLICE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Plaintiff Robert M. Newton ("Newton") presents a Motion in Limine to Preclude Defendant From Introducing Evidence, Opinion, Testimony or Argument of Plaintiff's 2017 Promotion Test Results. ECF No. 96. Upon consideration of the Motion, the briefs filed by the parties in support and in opposition thereto, and for the reasons that follow, the Motion in Limine is granted.

**I.  FACTUAL BACKGROUND**

In this employment discrimination case, Newton contends that because of his disability, and despite the fact that he was otherwise qualified, the Pennsylvania State Police ("PSP") refused to promote him to the position of Corporal in March 2017. To that end, the parties do not dispute that:

(1) Trooper Newton took the written and oral tests in the Fall of 2015 for promotion to the rank of Corporal;

(2) Trooper Newton ranked 373 overall on the 2015-2016 Pennsylvania State Police Corporal Promotion Examination Final Score Report (i.e., "the promotion list"); and

1

(3) Trooper Douglas Artman, who ranked 385 overall on the 2015-2016 promotion list, was promoted in place on March 11, 2017.

ECF No. 97 at 2 (citing ECF No. 38 ¶¶ 8, 10, 17). Finally, it is undisputed that the decision to promote Trooper Artman was based on the results of the 2015-2016 Promotion Examination Final Score Report. Id. ¶ 17.

At some point after February or March 2017, Newton took the written Promotion Examination but did not pass. Newton contends that this evidence is irrelevant to any issue at trial and is otherwise prejudicial and misleading. Newton points to the lack of a dispute that PSP's discriminatory conduct occurred before the 2017 test was released, at a time when it made several promotions including Trooper Artman's promotion in place, based on the 2015-16 final score report. ECF No. 97. Thus, PSP was unaware of the 2017 test at the time of its discriminatory conduct, and evidence of Newton's score is irrelevant to any fact at issue. Id. at 3.

PSP responds that the 2017 score establishes that Newton was not fit for a discretionary promotion. ECF No. 102. PSP also argues that Newton's 2017 test result limits his claim for front pay because he was no longer eligible for promotion. Id.

## II. STANDARD OF REVIEW

"The Court exercises its discretion to rule in limine on evidentiary issues 'in appropriate cases.'" Frintner v. TruePosition, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012) (quoting In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 260 (3d Cir.1983), *rev'd on other grounds sub nom.*, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)). Thus, the Court may decide in limine motions "to ensure the jury is not exposed to unfairly prejudicial, confusing, or irrelevant evidence, even if doing so may limit a party's defenses." Frintner, at 707 (citing United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988)).

Through the pending motion, Plaintiff seeks to exclude evidence of his 2017 promotion test, based on relevance and potential prejudice grounds. Rule 402 of the Federal Rules of Evidence provides that "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Fed. R. Evid. 402. Under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Under the balancing test of Rule 403, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III. DISCUSSION

This Court previously determined that the 2017 test results "have no relevance" to Newton's claims, which arise out of alleged discriminatory conduct that occurred before the testing in 2017 and before the release of the 2017 test results. ECF No. 53 at 11, ECF No. 97 at 3. Defendants newly advanced arguments do not merit reconsideration of that conclusion. See Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 536-37 (3d Cir. 2007) (under ADA, determination of whether a person is "qualified individual with a disability" is made from the point at which the alleged discriminatory decision is made. Thus, factors defendant is unaware of when discrimination took place are irrelevant to establish liability). See also Risk v. Burgettstown Borough, Pa., 364 F. App'x 725 (3d Cir. 2010) (district court correctly prohibited use of evidence that plaintiff was decertified as a police officer two years after termination; such evidence does not

3

impact analysis of whether plaintiff was qualified for the position at the time allegedly discriminatory conduct occurred).

In addition, Newton's claim for front pay and any obligation to mitigate damages is not altered by the 2017 test result. Of particular significance, the PSP does not argue that if it had promoted Newton in March 2017, he would have been required to take the 2017 exam to retain his new rank. In the absence of such evidence, it remains undisputed that if promoted, Newton would not have taken the 2017 test and would have continued to earn pay and benefits at the rank of Corporal. Thus, the 2017 result has no relevance to Newton's recovery of front pay. Similarly, as to mitigation, PSP has presented no evidence that with a passing test result in 2017, it would have determined that Newton was eligible for a promotion in place, given that a passing test result in 2015 did not result in a promotion. The 2017 test result therefore bears no apparent relevance to Newton's obligation to mitigate damages.

Because evidence of Newton's 2017 promotion test result is not relevant to any fact of consequence and would otherwise mislead or confuse the jury, the pending motion in limine is appropriately granted.

### **ORDER**

For the reasons set forth in the accompanying Memorandum, the Motion in Limine to Preclude Defendant From Introducing Evidence, Opinion, Testimony or Argument of Plaintiff's 2017 Promotion Test Results, ECF No. 96, is granted.

Dated: October 6, 2021

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

4

cc: All counsel of record via CM/ECF