IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT M. NEWTON, | ) |
| Plaintiff, | ) Civil Action No. 18-1639 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF No. 112 |
| PENNSYLVANIA STATE POLICE, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Defendant Pennsylvania State Police ("PSP") has filed a Motion to Amend Witness List, seeking to identify additional witnesses it may call at the trial of this matter for purposes of rebuttal. ECF No. 112; ECF No. 117 ¶ 4. Plaintiff Robert M. Newton ("Newton") opposes the Motion because the PSP's offer of proof reveals that the anticipated testimony is irrelevant or contradicts the parties' Joint Statement of Undisputed Facts, and thus is unfairly prejudicial. ECF Nos. 114 and 119. Upon consideration of the Motion, Newton's response, and the replies filed by the parties in support and in opposition thereto, and for the reasons that follow, the Motion to Amend Witness List is granted, but, with certain limitations.

I.  **FACTUAL BACKGROUND**

Newton contends that because of his disability, and even though he was otherwise qualified, the PSP unlawfully discriminated against him by refusing to promote him or grant him a "promotion in place" to the position of Corporal. Newton also claims that the PSP forced him to retire effective September 4, 2020, even though the Collective Bargaining Agreement does not mandate the separation of disabled employees after 25 years of service. ECF No. 98 at 3.

1

In anticipation of the trial of this matter, the Court issued an Amended Pretrial Order on February 18, 2021, requiring the parties to file any amended witness lists by July 1, 2021. ECF No. 91. PSP timely filed the pending Motion to Amend Witness List seeking to add Douglas E. Artman ("Artman"), a PSP employee who was granted a promotion in place when Newton was not, and Millicent Wise Brown ("Brown"), a Human Resource Analyst employed with the Pennsylvania Office of Administration.[1] ECF No. 112.

PSP states that both witnesses will rebut anticipated testimony in Plaintiff's case-in-chief. To that end, Artman will testify "to the specialized nature of his position and the additional responsibilities he assumed upon his promotion to Corporal." ECF No. 17 ¶¶ 7, 11. Brown is offered to establish that Newton's position was "civilianized" after his termination and, therefore, the work he performed was not "specialized" and so does not justify a discretionary promotion in place. In addition, Brown will testify that Newton's job responsibilities are easily transferred to the civilian work force and thus he did not mitigate any damages sustained due to PSP's alleged discrimination. Id. ¶¶ 12, 13. As "rebuttal" witnesses, PSP states that their failure to previously designate Artman or Brown as witnesses on PSP's behalf under Rule 30(b)(6) of the Federal Rules of Civil Procedure is not binding or dispositive. Id. ¶ 14.

Newton responds that PSP has conceded critical facts through its designated Rule 30(b)(6) witness that PSP seeks to now contradict. For example, based on the testimony of PSP employee Brooke Meade, the parties agreed at the summary judgment stage of this litigation that Newton's "position of Procurement and Supply Officer in the Staff Services Unit is a specialized position." ECF No. 119 ¶ 6 (citing ECF No. 38 ¶¶ 18-20). Thus, according to Newton, Artman's testimony

---

[1] PSP initially sought to add three witnesses, but Newton advised the PSP in his Response that one proposed witness died in 2017, more than a year before this lawsuit was filed. ECF No. 114 ¶ 7. Accordingly, the PSP's Motion to Amend Witness List is limited to two potential witness. ECF No. 117 ¶ 6.

regarding his understanding for the reasons of his promotion in place is irrelevant and misleading. And, for the same reason, Brown's proposed testimony as to the non-specialized nature of Newton's job contradicts facts agreed to by the parties and therefore is irrelevant and unfairly prejudicial. In addition, regarding mitigation, Newton seeks to limit Brown's anticipated testimony to the extent it contradicts or supplements Newton's explanation of his job duties and responsibilities. ECF No. 119 ¶¶ 14, 15.

## II.  DISCUSSION

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In this case, the parties have prepared a Joint Stipulation of Facts for use at trial, where the parties agree that "Trooper Newton's position of Procurement and Supply Officer in the Staff Services Unit is a specialized position." ECF No. 126 ¶ 20. Thus, the Court must resolve whether the PSP's stipulation to facts contained in the Joint Stipulation of Facts for use at trial renders contradictory evidence irrelevant.

Facts that have been conceded in stipulations by a party or its counsel are generally considered judicial admissions that are binding upon the party making them. See Parilla v. IAP Worldwide Servs., VI, Inc., 368 F.3d 269, 275 (3d Cir. 2004) ("'Judicial admissions are formal concessions in the pleadings, or stipulations by the party or its counsel, that are binding upon the party making them.'" (quoting Keller v. United States, 58 F.3d 1194, 1198 n. 8 (7th Cir.1995))). Judicial admissions are confined to "matters of fact which otherwise would require evidentiary proof," and a statement of fact must be unequivocal to be a binding judicial admission. Glick v. White Motor Co., 458 F.2d 1287, 1291 (3d Cir. 1972). Where assertions "are clear and unequivocal statements of fact that would otherwise require evidentiary proof," the assertions are

judicial admissions binding on a party. Mason v. Range Res.-Appalachia LLC, 120 F. Supp. 3d 425, 443 (W.D. Pa. 2015).

Newton's opposition to the anticipated testimony of Brown and Artman relies upon the joint stipulations of the parties for use at trial including the stipulation that Newton's position was "specialized." This admission is binding and leads the Court to find that there is no triable question of fact as to the specialized nature of Newton's position. PSP will be precluded at trial from offering evidence to the contrary through the proposed witnesses. The remaining categories of evidence are not subject to similarly binding stipulations.

Assuming that an appropriate offer of proof is presented at trial, Brown's proposed rebuttal testimony regarding Newton's job responsibilities may be permitted because it is relevant to PSP's burden to allege and prove that Newton failed to satisfy his obligation to mitigate his damages. Booker v. Taylor Milk Co., 64 F.3d 860, 864 (3d Cir. 1995) (as in the Title VII context, "[a]lthough the statutory duty to mitigate damages is placed on a Title VII plaintiff, the employer has the burden of proving a failure to mitigate. To meet its burden, an employer must demonstrate that 1) substantially equivalent work was available, and 2) the Title VII claimant did not exercise reasonable diligence to obtain the employment.")(internal citations omitted). Further, to the extent PSP seeks to introduce evidence regarding transferability of job skills to substantially equivalent employment, a foundation is required that establishes such employment "afforded virtually identical promotional opportunities, compensation, job responsibilities, and status as the position from which [the plaintiff] has been discriminatorily terminated." Id. at 866.[2]

Thus, the Court will grant the Motion to Amend Witness List and may permit rebuttal testimony by the two proposed witnesses only upon an appropriate foundation that the anticipated

---

[2] To the extent that Newton wishes to take the deposition of Brown as a witness who was not previously identified by the PSP, Newton may do so.

testimony is relevant to a fact in dispute. However, where proposed evidence is relevant but conflicts with PSP's Rule 30(b)(6) witness testimony or the stipulations of the parties, PSP must offer a valid explanation as to the clear contradiction or the Court may preclude the evidence to avoid "trial by ambush." See e.g., State Farm Mut. Auto. Ins. Co. v. New Horizon, Inc., 250 F.R.D. 203, 213 (E.D. Pa. 2008) ("For example, if State Farm seeks to contradict its Rule 30(b)(6) testimony at trial with new evidence, and it offers no valid explanation why the earlier testimony should be amended, the Court may preclude State Farm from presenting such new evidence, or permit the new evidence and allow State Farm's explanation to be submitted to the jury along with the earlier testimony. See Fed. R. Evid. 403 (providing for exclusion of evidence if "its probative value is substantially outweighed by the danger of unfair prejudice ... or by considerations of undue delay")).

## ORDER

For the reasons set forth herein, the Motion to Amend Witness List, ECF No. 112, is granted, subject to the limitations set forth herein. Such ruling is limited to allowing the addition of the names of the two witnesses to the witness list only.

Dated: October 6, 2021

BY THE COURT:

*/s/ Maureen P. Kelly*

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via CM/ECF