IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT M. NEWTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PENNSYLVANIA STATE POLICE, )<br>)<br>Defendant. ) | Civil Action No. 18-1639<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 146 |

## MEMORANDUM ORDER

Plaintiff Robert M. Newton ("Newton") presents a Motion in Limine to Preclude Defendant From Introducing Evidence, Opinion, Testimony, or Argument of the Civilianization of Plaintiff's Position. ECF No. 146. Upon consideration of the Motion and the Response in Opposition, ECF No. 148, and for the reasons that follow, the Motion in Limine is granted.

### I.   FACTUAL BACKGROUND

Newton brings this employment discrimination case asserting claims under the Rehabilitation Act of 1973, 29 U.S. § 701 et seq. Newton alleges that only because of his disability, Defendant Pennsylvania State Police ("PSP") refused to promote him to the position of Corporal even though he was qualified, could have performed the essential functions of the position, and was otherwise entitled to a promotion through the PSP's practice of promoting individuals "in place." Newton also alleges that the PSP wrongfully terminated him because of his disability. ECF No. 81.

Newton presents the pending Motion in Limine to preclude the introduction of evidence by the PSP that he is not qualified for a promotion in place or to continue employment in his specialized position as the PSP Procurement and Supply Officer because the position was

1

"civilianized" after his termination. Newton states that in an email dated October 18, 2021, the PSP asserts that Newton is not qualified for the position of Procurement and Supply Officer because "the position of Procurement and Supply Trooper no longer exists, it is now a civilian role." ECF No. 146 ¶ 7. Newton points out that during discovery proceedings in this matter, Brooke Meade, Director of PSP's Employee Relations Division, testified that changes to the classification of PSP positions occur only through voluntary attrition. ECF No. 146-1 at 2. Thus, if not terminated, Newton would have held his position until his voluntary retirement or transfer. Id. Newton contends that given this unequivocal testimony, introduction of evidence of the civilianization of his former position is unfairly prejudicial, irrelevant, would confuse the issues, mislead the jury, and result in undue delay. ECF No. 146 ¶ 4.

PSP responds that evidence of civilianization establishes that Newton was not qualified to perform the essential functions of the position of Trooper because after reclassification, no one in the position of Procurement and Supply Officer "has to arrest suspects or use firearms." ECF No. 148 at 3. In addition, the PSP argues that considering the statutory cap on the number of Pennsylvania State Police enlisted and officers, evidence of civilianization is relevant to show the necessity that all non-civilian employees be fit for full duty. Id.

## II. STANDARD OF REVIEW

"The Court exercises its discretion to rule in limine on evidentiary issues 'in appropriate cases.'" Frintner v. TruePosition, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012) (quoting In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 260 (3d Cir.1983), *rev'd on other grounds sub nom.*, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)). Thus, the Court may decide in limine motions "to ensure the jury is not exposed to unfairly prejudicial, confusing, or

irrelevant evidence, even if doing so may limit a party's defenses." Frintner, 892 F. Supp. 2d at 707 (citing United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988)).

In this case, Newton seeks to exclude evidence of changes to the classification of his former position based on relevance and potential prejudice grounds. Rule 402 of the Federal Rules of Evidence provides that "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Fed. R. Evid. 402. Under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Under the balancing test of Rule 403, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III. DISCUSSION

For Newton to make out a prima facie case of discrimination under the Rehabilitation Act, he bears the burden of proving (1) that he or she has a disability, (2) that he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the PSP; and (3) that he was nonetheless terminated or otherwise prevented from performing the job. Shiring v. Runyon, 90 F.3d 827, 831 (3d Cir. 1996).

In Bowers v. National Collegiate Athletic Ass'n, 475 F.3d 524 (3d Cir. 2007), the United States Court of Appeals for the Third Circuit acknowledged that "the determination of whether a person was a 'qualified individual with a disability' for the purposes of an ADA claim is not made from the time the lawsuit was filed or any other later time period, but from the point at which the

alleged discriminatory decision was made." Id. at 535-36 (citing Turner v. Hershey Chocolate U.S., 440 F.3d 604, 611 (3d Cir. 2006) ("The determination of whether an individual with a disability is qualified is made at the time of the employment decision, and not at the time of the lawsuit."). Thus, evidence of Bower's drug use that post-dated the discriminatory conduct or that was unknown to defendant at the time of the alleged misconduct was irrelevant to establish liability under Rehabilitation Act and the Americans with Disabilities Act, 42 U.S.C. §§ 12132.

Similarly, in Risk v. Burgettstown Borough, Pa., 364 F. App'x 725, 730 (3d Cir. 2010), the Third Circuit found that evidence of a police officer's decertification two years after an adverse employment action was properly excluded at trial and could not be used to contest the officer's qualifications for his former position because the information was not available at the time the allegedly discriminatory conduct took place.

In this case, Newton was assigned to the position of Troop Procurement and Supply Officer at the Buter headquarters effective April 3, 2003. Joint Exhibit 1. Subsequently, the Collective Bargaining Agreement ("CBA") between the Commonwealth of Pennsylvania and The Pennsylvania State Troopers Association, effective July 1, 2012 to June 30, 2017, provided that the position of Procurement and Supply Officer could be civilianized only by attrition "such that current enlisted members holding these positions shall be replaced by civilians only when the enlisted member leaves the position voluntarily or involuntarily." PSP Trial Exhibit G (Article 49); see also ECF No. 148-1 at 5 (CBA effective July 1, 2017 to June 30, 2020). Reclassification applies to the Procurement and Supply Officer position and to six other identified PSP positions, some of which include: Troop Communication Supervisor, Management Information Unit and UCR Section Supervisory, and Webmaster. Id. Thus, as provided in the CBA, until the incumbent

voluntarily or involuntarily left one of the positions slated for civilianization, each Trooper remained qualified to perform the essential functions of his or her job.[1]

Because evidence of the subsequent reclassification of the Supply and Procurement position is not relevant to whether Newton was qualified at the time of the allegedly discriminatory conduct and would otherwise mislead or confuse the jury, the Motion in Limine is properly granted.

An appropriate Order follows:

## ORDER

For the reasons set forth in this Memorandum Order, the Motion in Limine to Preclude Defendant From Introducing Evidence, Opinion, Testimony or Argument of the Civilianization of Plaintiff's Position, ECF No. 146, is **granted**. The PSP may not introduce evidence, testimony, or argument as to the subsequent civilianization of the position of Procurement and Supply Officer.

Dated: November 4, 2021

BY THE COURT:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF

---

[1] During argument of this motion on November 3, 2021, counsel for Newton noted that of this date, Troopers hold several of the Procurement and Supply Officer positions at PSP barracks throughout the state.