IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT M. NEWTON, | : | |
| | : | Civil Action No. 18-1639-MPK |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA STATE POLICE, | : | |
| | : | |
| Defendant. | : | Electronically Filed. |
| | : | |

**Response to Plaintiff's Motion for Attorney's Fees and Expenses**

I.    **Defendant agrees that Plaintiff's counsels' hourly rates and fees are reasonable**

Plaintiff's counsel has submitted affidavits in support of their rates—$375 an hour for Attorney Lykos and $525 an hour for attorney Ramage. See ECF Nos. 173-1, 173-2, 173-3, 173-4, 173-5, 173-6. Defendant agrees these rates are reasonable for plaintiff's employment lawyers in this market.

Further, Defendants agree that fees of $4,918.41 are reasonable. ECF No. 173 at 7.

II.    **Plaintiff's counsel should not be awarded fees for work done on the early 2020 sanctions motion because they have already recovered those fees.**

In January 2020, Defendant failed to produce a witness for his deposition. Plaintiff moved for sanctions. ECF No. 35, ¶ 10. The Court ordered Defendant to reimburse Plaintiff $1,400 for attorney's fees incurred to prepare for that deposition—6 hours at $350 an hour. Order, Feb. 19, 2020, ECF No. 37. Counsel

1

appears to have included those costs in its fee petition, *see* ECF No. 173-7 at
page 11 ("Prepare outlines and exhibits for depositions of N. Watkins, S. Ignatz
and T. Blocker."). The Court should subtract 6 hours of Attorney Lykos's time
from the fee petition to account for the previous payment.

III.   <u>Plaintiff's counsel's fees should be reduced for serially calculating
damages by hand.</u>

Plaintiff's counsel calculated damages by hand several times during the case,
and errors led to recalculations and revisions. While some of the revisions were
due to new pay scales, much of the work could have been avoided by more
careful work or using electronic files that could be updated. All told, Plaintiff's
counsel spent almost 20 hours on this task, collected in the following billing
entries (*See* ECF No. 173-7):

| Date | Hours |
|---|---|
| April 16, 2019 | 1.5 |
| April 18, 2019 | 2.5 |
| February 5, 2021 | 2.5 |
| February 8, 2021 | 1.5 |
| March 24, 2021 | 3.5 |
| October 15, 2021 | .8 |
| October 19, 2021 | 1.5 |
| November 4, 2021 | 1  (counsel met to discuss the exhibit) |
| November 4, 2021 | 2.5 |
| November 10, 2021 | 1.0 |

| December 2021 | Counsel revised their calculations again during the 13.1 hours spent writing their damages brief, though the block billing makes it difficult to know how much time was spent on revisions to the damages calculation as opposed to brief writing. |
|---|---|

Counsel's fees should be reduced by 10 hours. If created electronically and updated, hours of effort could have been saved because future revisions or updated pay scales could have been quickly input. Repeatedly doing the calculations by hand inflated the time spent on the task and required frequent corrections that drove costs up.

IV.   Plaintiff's counsel should not be awarded fees for work done on Plaintiff's unsuccessful claims.

The lodestar should be reduced by 30% to account for the work counsel spent on unsuccessful claims, chiefly the failure to promote claim, during this litigation. Plaintiff's first Complaint alleged that he was unfairly denied a promotion from Trooper to Corporal, including claims under the Pennsylvania Human Relations Act that were barred in federal court. December 7, 2018, ECF No. 1. Until he filed his Second Amended Complaint on January 8, 2021, the failure to promote claim was the only issue in this matter that eventually made it to trial. ECF No. 81. Even then, several claims in the Second Amended Complaint were similarly barred and did not go to trial. Plaintiff did not prevail on his failure to promote claim. Verdict, Nov. 10, 2021, ECF No. 155.

This Court should reduce Plaintiff's counsel's request for attorney's fees to account for the work done on the unsuccessful promotion claim. *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S. Ct. 1933, 1941, 76 L. Ed. 2d 40 (1983) ("If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith."); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001) ("[The District Court] should reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed, that were distinct from the claims on which the party did succeed, and for which the fee petition inadequately documents the hours claimed."); *see also Smith v. Borough of Dunmore*, 633 F.3d 176, 184 (3d Cir. 2011).

Courts approach this reduction in one of two ways, which may overlap. First, a court can review each billable entry and write off the entries that concern the unsuccessful claim. *Ward v. Philadelphia Parking Auth.*, No. CIV.A. 11-4692, 2015 WL 263733, at *13, n.9 (E.D. Pa. Jan. 21, 2015), aff'd, 634 F. App'x 901 (3d Cir. 2015). Then, the reduced hourly total is multiplied by the reasonable fee to arrive at a lodestar. Alternatively, the Court can take the lodestar as calculated and reduce from there. Defendants propose the latter approach—reducing the lodestar by 30%.

While counsel was only litigating the failure to promote claim until September 2020, work done before Mr. Newton's retirement was intertwined with work done on his retirement claim. But parsing each billing entry to divine what percentage of it was ultimately useful on the successful termination claim is unlikely to be a useful exercise. Thus, Defendant proposed a flat reduction of the lodestar. *See, e.g.*, *Reid ex rel. Reid v. School District of Philadelphia*, 2005 WL 174847, *3 (E.D. Pa. Jan. 21, 2005); *Mary Courtney T. v. Sch. Dist. of Philadelphia*, No. CIV.A. 06-2278, 2009 WL 185426, at *9 (E.D. Pa. Jan. 22, 2009) (reducing attorney's fees by 45% due to "partial success").

The Court should consider that all of Plaintiff counsels' work before September 2020 was devoted to the promotion claim. This involved production and discovery of regarding the discretion PSP had to promote Mr. Newton, which amounted to naught. *See* ECF No. 173-7 at page 4, regarding Plaintiff's initial disclosures. Further, all of the Early Neutral Evaluation and mediation expenses incurred were in service of settling an issue that Plaintiff did not recover on. *See* ECF No. 173-7 at pages 5-6 (billing 6.5 hours to meeting with client and attend May 2019 ENE in front of Caroline Katz); *Id.* pages 19-20 (3.5 hours for mediation in front of Caroline Katz in August 2020). And counsel incurred substantial fees to file summary judgment on the promotion issue, which they did not prevail on at that stage or at trial. *See* ECF No. 173-7 at pages 14-15.

In addition, counsel incurred costs researching the merits of PHRA and Americans with Disabilities Act claims, which were included in early Complaints, but are barred by sovereign immunity. *Id.* (2.5 hours incurred on March 9, 2020); *Id.* at page 17. Plaintiff's counsel are, by their own admission, experienced employment lawyers. They should not be able to recover fees for researching causes of action where they could not recover money damages and which they did not bring to trial.

V.   Conclusion

To arrive at the lodestar, the court should subtract 6 hours for the previously litigated sanctions motion. It should also subtract 10 hours of time that exceeded the reasonable time required to calculate damages. That would reduce the lodestar by 16 * $375=$6,000 to $189,172.50

The court should further reduce the lodestar amount by 30% to reflect the time spent in 2018, 2019, and most of 2020 on ultimately unsuccessful or barred claims. So attorney's fees should be: 189,172.50 * .7 = $132,420.75.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By:   /s/ *Matthew C. Gill*
Matthew C. Gill
Deputy Attorney General
Attorney ID: 315896

6

Justin A. Gayle
Deputy Attorney General
Attorney ID: 327119

Sarah J. Simkin
Deputy Attorney General
Attorney ID: 320646

Office of Attorney General
1251 Waterfront Place, Mezzanine
Pittsburgh, PA 15222
jgayle@attorneygeneral.gov

Date:  February 11, 2022                    *Counsel for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the Within **Response to Plaintiff's Motion for Attorney's Fees and Expenses** was served upon the following via ECF:

Colleen Ramage Johnston
Nikki Velisaris Lykos
Johnston Lykos, LLC
525 William Penn Place
28th Floor
Pittsburgh, PA 15219
Email: cjohnston@johnstonlykos.law
        nlykos@johnstonlykos.law
(*Counsel for Plaintiff*)

By:    /s/ *Matthew C. Gill*
       Matthew C. Gill
       Deputy Attorney General


OFFICE OF ATTORNEY GENERAL
Western District
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222

February 11, 2022