IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT M. NEWTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-1639 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF No. 173 |
| PENNSYLVANIA STATE POLICE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**KELLY, Magistrate Judge**

This is an action commenced by Plaintiff Robert M. Newton ("Newton") against the Pennsylvania State Police (the "PSP") to recover damages stemming from employment discrimination.

Presently before the Court is Newton's Motion for Attorney's Fees and Expenses. ECF No. 173. After careful consideration of the motion, exhibits filed in support thereof, and the PSP's response in opposition, and for the following reasons, the Motion is granted. The Court awards $195,172.50 in fees and $4,918.41 in expenses.[1]

**I.    RELEVANT PROCEDURAL HISTORY**

Newton commenced this action against the PSP on December 7, 2018, with the filing of the initial Complaint. ECF No. 1. He sought damages in the form of back pay, front pay, and compensation for emotional distress, as available under the Rehabilitation Act of 1973, 29 U.S.C. § 794a(a)(2) and 28 U.S.C §§1343(a)(3) and (a)(4) and 1331, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. In Count I of the initial Complaint, Newton alleged

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case. ECF Nos. 6 and 8.

1

violations of the Rehabilitation Act based on the PSP's refusal to promote him to the position of Corporal because of his disability, record of disability, and/or perceived disability. Id. ¶¶ 28-34. In Count II, Newton alleged that he was subjected to harassment, discrimination, and retaliation by the PSP based on his disability in violation of the PHRA. Id. ¶¶ 35-37.

The PSP filed Defendant's Answer to Plaintiff's Complaint on February 25, 2019. ECF No. 12. Thereafter, the parties conducted discovery. Discovery closed on January 31, 2020. ECF No. 26.

On March 16, 2020, Newton filed a Motion for Partial Summary Judgment and Brief in Support. ECF Nos. 39 and 40. Newton sought judgment as a matter of law as to Count I, discrimination in violation of the Rehabilitation Act and, as to part of Count II, discrimination in violation of the PHRA. ECF No. 39 ¶ 5. The PSP filed a Response to Plaintiff's Partial Motion for Summary Judgment on April 20, 2020. ECF No. 48. Newton filed a Reply Brief. ECF No. 49. On May 26, 2020, this Court issued an Opinion and Order denying Plaintiff's Motion for Partial Summary Judgment and dismissing Plaintiff's PHRA claims in federal court based on Eleventh Amendment immunity. ECF No. 53.

The PSP forced Newton to retire on September 4, 2020, and the Court permitted Newton to file an amended complaint to assert claims arising out of his termination. ECF No. 64. The Amended Complaint was filed on September 16, 2020, setting forth claims for the violation of the Rehabilitation Act, including Failure to Promote (Count I), Termination (Count II), and Retaliation (Count III). ECF No. 68. Following the issuance of a right to sue notice from the Equal Employment Opportunity Commission (the "EEOC"), Newton filed a Second Amended Complaint on January 8, 2021. ECF No. 81. Newton added claims under the ADA for Discrimination (Count IV) and Retaliation (Count V). Id.

2

On April 8, 2021, the parties stipulated to the dismissal of the ADA and Rehabilitation Act retaliation claims (Counts III and V). ECF No. 93. Prior to trial, the parties stipulated to the dismissal of the ADA discrimination claim (Count IV). ECF No. 142. As a result, the case proceeded to trial on Newton's failure to promote and termination claims.

The jury trial portion of this case was conducted on November 8 through 10, 2021, and resulted in a jury verdict in favor of Newton as to his claim for unlawful termination in violation of the Rehabilitation Act. The jury awarded compensatory damages in the amount of $100,000. ECF No. 155. The jury found in favor of the PSP as to the failure to promote claim. Id. On November 12, 2021, the Court conducted the non-jury portion of the trial as to back pay, front pay, reinstatement, and prejudgment interest relative to the termination claim. ECF No. 156.

On December 22, 2021, Newton filed a Motion for Back Pay, Front Pay and Prejudgment Interest, and a brief in support. ECF Nos. 164 and 165. The PSP filed a Response to Plaintiff's Motion for Damages. ECF No. 168. Newton filed a Reply. ECF No. 172. Thereafter, the Court issued an Opinion and Order granting the motion. ECF Nos. 176 and 177.

On January 28, 2022, Newton filed a Motion for Attorney's Fees and Expenses. ECF No. 173. The PSP filed a Response to Plaintiff's Motion for Attorney's Fees and Expenses. ECF No. 175. The Motion is now ripe for consideration.

## II.   APPLICABLE LEGAL STANDARD

The United States Court of Appeals for the Third Circuit has recognized that a "reasonable attorney's fee" may be awarded to a prevailing party on a Section 504 claim. 29 U.S.C. § 794a(b); Ward v. Philadelphia Parking Auth., 634 F. App'x 901, 903 (3d Cir. 2015) ("Congress has [ ] unambiguously authorized the award of attorneys' fees to a "prevailing party" in any action commenced under ... the Rehabilitation Act."). A plaintiff must prove the fee request is fair,

Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 178 (3d Cir. 2001), by submitting documentation of the hours worked and rates charged, along with evidence demonstrating both are reasonable, M.M. v. Sch. Dist. of Philadelphia, 142 F. Supp. 3d 396, 404 (E.D. Pa. 2015). The "lodestar," based on the reasonable rate multiplied by the reasonable number of hours worked, is the basis for the award. Id. (citing Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 703 n.5 (3d Cir. 2005)).

A "reasonable rate" is determined based on the community's prevailing market rate for attorneys of similar experience and skill at the time of the fee petition, and the court must review the hours billed to exclude any that are unnecessary, redundant, or inadequately documented. M.M., 142 F. Supp. 3d at 404. The district court has discretion in determining reasonable attorney's fees, but must explain any changes to the fees requested. United States ex rel. Palmer v. C&D Techs., Inc., 897 F.3d 128, 137 (3d Cir. 2018).

### III.   ANALYSIS

The PSP presents three discrete challenges to limited portions of Newton's fee petition: (1) the hours worked on a sanctions motion that were already recovered should not be awarded; (2) the hours worked for multiple hand calculations of damages should be reduced; and, (3) fees should not be awarded for work done on unsuccessful claims, warranting a 30% reduction. ECF No. 175. These arguments are addressed in the context of the requisite analysis of the pending fee petition, as follows.

#### A. Prevailing Party

The United States Supreme Court has held that parties are considered prevailing parties if "they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckert, 461 U.S. 424, 433 (1983)(quoting Nadeau v.

Helgemoe, 581 F.2d 275, 278-70 (1st Cir. 1978) (*overruled on other grounds*)). In Wheeler v. Towanda Area Sch. Dist., 950 F.2d 128 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit held that a party is a prevailing party if "plaintiffs achieved relief and . . . there is a causal connection between the litigation and the relief from the defendant." Id. at 131. In J.O. v. Orange Twp. Bd. of Educ., 287 F.3d 267 (3d Cir. 2002), the Third Circuit stated, "[a] party need not achieve all of the relief requested nor even ultimately win the case to be eligible for a fee award." Id. at 271. Plaintiff need only achieve some of the benefit sought in a lawsuit. Id. "'[A]t a minimum . . . the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant.'" Id. (quoting Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,489 U.S. 782, 792 (1989)). The United States Supreme Court found that the only exception to this minimum requirement is when the party's success is "purely technical or de minimis." Texas State Teachers Ass'n, 489 U.S. at 792.

In this case, there is no doubt that Newton was the prevailing party. Newton obtained a jury verdict in his favor and against the PSP for terminating his employment because of his disability in violation of the Rehabilitation Act. ECF No. 155. The jury awarded him $100,000 in compensatory damages and the Court awarded him $1,653,274 in back pay, front pay, lost pension benefits, and prejudgment interest.

    **B. Lodestar Calculation**

"The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The petitioner can meet this initial burden "by 'submit[ting] evidence supporting the hours worked and rates claimed.'" Taylor v. USF-Red Star Express, Inc., 212 F. App'x 101, 111 (3d Cir. 2006) (quoting Rode, 892 F.2d at 1183 (internal citation omitted)). The party opposing the fee petition "'then has the burden

5

to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee.'" Id. (quoting Rode, 892 F.2d at 1183 (internal citation omitted)). "'[T]he adverse party's submissions cannot merely allege in general terms that the time spent was excessive,' but must identify both the general type of work being challenged and the specific grounds for contending that the hours were unreasonable." Id. (quoting Bell v. United Princeton Properties, Inc., 884 F.2d 713, 720 (3d Cir. 1989)).

Once a challenge has been properly raised, "a district court has 'a great deal of discretion to adjust the fee award in light of those objections.'" Id. (quoting Rode, 892 F.2d at 1183). However, "a district court may not make sua sponte reductions to fee requests based on material facts not raised at all by the adverse party." Id. (citing Bell, 884 F.2d at 720).

"'The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate,'" *i.e.*, the "lodestar." Rode, 892 F.2d at 1183 (quoting Hensley, 461 U.S. at 433); see also Lanni v. New Jersey, 259 F.3d 146, 149 (3d Cir. 2001)). "A District Court has substantial discretion in determining what constitutes a reasonable rate and reasonable hours, but once the lodestar is determined, it is presumed to be the reasonable fee." Lanni, 259 F.3d at 149 (citing Rode, 892 F.2d at 1183). Either party may seek adjustment to the lodestar and, "[i]f that party meets the burden of proving that an adjustment is appropriate, the lodestar amount may be increased or reduced at the discretion of the District Court." Id. (citing Rode, 892 F.2d at 1183).

1. **Reasonable rates**

"Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community." Rode, 892 F.2d at 1183. In making this determination, "the court should assess the experience and skill of the prevailing party's attorneys and compare their rates

to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id.

In this case, Newton argues that reasonable rates for his attorneys are $525 per hour for Attorney Colleen Ramage and $375 per hour for Attorney Nikki Lykos. ECF No. 173 at 5-6. He has provided the requisite declarations supporting the reasonableness of these hourly rates for the Western District of Pennsylvania based on the skill, reputation, and experience of Attorneys Ramage and Lykos. ECF Nos. 173-1 to 173-6. In its Response, the PSP agrees that these rates are reasonable for plaintiffs' employment lawyers in this market. ECF No. 175 at 1. Based on the prevailing community market rates, and in light of the skill, reputation, and experience of Newton's counsel, the Court finds that hourly rates of $525 per hour for Attorney Ramage and $375 per hour for Attorney Lykos are reasonable and appropriate.

2. **Time reasonably expended**

In the fee petition, Newton requests attorney's fees for 382 hours for work performed by Attorney Lykos and for 98.9 hours for work performed by Attorney Ramage. ECF No. 173 at 6; ECF No. 173-7.

As noted above, the PSP only challenges portions of the fee request based on the arguments that the hours worked on a sanctions motion that were already recovered should not be awarded and that the hours worked for serially calculating damages by hand should be reduced. ECF No. 175.[2]

a. **Hours worked on sanctions motion**

On January 27, 2020, Newton filed an Emergency Motion to Compel former PSP Commissioner Tyree Blocker to appear for deposition. ECF No. 28. The next day, the Court

---

[2] The Court will separately address the PSP's third argument that Plaintiffs' counsel should not be awarded for fees for work done on Newton's unsuccessful claims. See pp. 15-16, *infra*.

7

conducted a telephone conference with counsel for the parties, ECF No. 32, granted the Emergency Motion to Compel, and specifically ordered Blocker to appear for his deposition on January 29, 2020, ECF No. 31. At the conference and in the order, the Court directed that if Blocker failed to appear as ordered, the PSP would be responsible for paying Newton's attorney fees for preparation for the Blocker deposition and any court reporter fees and costs. Id. Nonetheless, Blocker failed to appear for the deposition as ordered.

On February 5, 2020, Newton filed an Amended Motion for Sanctions relative to the repeated failure of the PSP to produce Blocker for his deposition as ordered. ECF No. 35. Newton sought reimbursement for the 4 hours that Attorney Lykos spent on January 16, 2020, preparing for the Blocker deposition, at her then current hourly rate of $350. Id. ¶¶ 9-11. As such, Newton sought a sanction award of $1400. Id. ¶ 12. On February 19, 2020, the Court granted the Amended Motion for Sanctions and imposed three specific sanctions, including requiring that the PSP reimburse Newton's counsel $1400 for attorney's fees to prepare for the Blocker deposition (the "Sanctions Order"). ECF No. 37. Thereafter, the Court was required to issue orders relative to the failure of the PSP to pay the sanction. ECF Nos. 43 and 51. Finally, on May 15, 2020, the PSP filed a Notice of Compliance with the Sanctions Order. ECF No. 52.

In its Response to the pending Motion, the PSP states that "[t]he Court ordered Defendant to reimburse Plaintiff $1,400 for attorney's fees incurred to prepare for that deposition – 6 hours at $350 an hour." ECF No. 175 at 1.[3] The PSP then cites a time entry with the description "[p]repare outlines and exhibits for depositions of N. Watkin, S. Ignatz and T. Blocker" without

---

[3] The PSP mistakenly seeks a deduction for 6 hours of time. However, Newton previously sought and received reimbursement for 4 hours of time.

8

reference of a specific date.  Id. at 2.  The PSP asks that the Court subtract 6 hours from Attorney Lykos' time from the fee petition to account for the previous sanctions payment.  Id.

The requested deduction is denied.  Newton has not requested to be reimbursed for the 4 hours of time that Attorney Lykos spent preparing for the deposition of Blocker on January 16, 2020.  A careful review of the billing records submitted to the Court reveals that Newton does not include an entry for 4.0 hours of time spent by Attorney Lykos on January 16, 2020, preparing for the Blocker deposition.  ECF No. 173-7 at 11.  Newton only seeks reimbursement for time on January 16, 2020, relative to two entries: one entry relates to the preparation for the deposition S. Ignatz, and one entry relates to the preparation for the deposition of N. Watkin.  There is no request for reimbursement for the 4.0 hours of time spent on January 16, 2020, relative to preparation for the Blocker deposition.  Id.  Thus, it is clear that Newton does not seek a duplicative reimbursement for work performed on January 16, 2020, relative to the Blocker deposition and as addressed in the previous Sanctions Order.[4]  Accordingly, the requested deduction is not warranted or supported by the record.

### b. Hours worked on damages calculations

The PSP argues that the almost 20 hours of time that Newton's counsel spent calculating damages should be reduced by 10 hours.[5]  ECF No. 175 at 2-3.  In general, the PSP faults Newton's counsel for making hand calculations and recalculations of damages.  Id.  However, the PSP acknowledges that certain of the recalculations were necessitated by new PSP pay scales.  Id.

---

[4] The PSP cites a time entry from January 17, 2020, for 3.5 hours – not the 6 hours that it seeks to have deducted. The entry cited by the PSP is not the date, time, or description for which the Court previously awarded sanctions for $1400 for work performed on January 17, 2020. ECF Nos. 35 and 37.

[5] The PSP does not specifically state in its Response whether it complains about time spent on the calculations as to back pay, front pay, or both.  ECF No. 175 at 2-3.

The first two entries that the PSP complains about are:

| Date | Atty | Description | Hours | Rate | Total |
|---|---|---|---|---|---|
| 4/16/2019 | NVL | Prepare client's documents to be produced with Plaintiff's Initial Disclosures; Continue drafting Plaintiff's Initial Disclosures; Review Defendant's pay scales and begin calculations of Plaintiff's back pay loss. | 1.50 | $375.00 | $562.50 |
| 4/18/2019 | NVL | Phone call with client REDACTED REDACTED REDACTED REDACTED ; Compute Plaintiff's back pay calculation and revise Plaintiff's Initial Disclosures. | 2.50 | $375.00 | $937.50 |

ECF No. 173-7 at 4-5.

As part of the initial case management order issued in this case on April 1, 2019, ECF No. 17, the parties were directed to exchange the requisite initial disclosures required by Federal Rule of Civil Procedure 26(a). Clearly, the preparation of initial damages calculations is appropriate information to be provided by a plaintiff as part of his/her initial disclosures in an employment discrimination case. The 4.0 hours spent by Newton's counsel referenced in the two cited entries is more than reasonable given the required Rule 26 disclosures at an early stage of the litigation.

The next two entries that the PSP complains about are:

| Date | Atty | Description | Hours | Rate | Total |
|---|---|---|---|---|---|
| 2/05/2021 | NVL | Review PSP pay scales and calculate wage loss damages (back pay, front pay and impact on SERS retirement benefits) for forced retirement claim. | 2.50 | $375.00 | $937.50 |
| 2/08/2021 | NVL | Review client's information re REDACTED REDACTED ; Finish calculating Plaintiff's damages; Email client re REDACTED REDACTED . | 1.50 | $375.00 | $562.50 |

ECF No. 173-7 at 28.

These two entries relate to preparation of updated damages calculations for the judicial mediation before United States District Judge W. Scott Hardy. On February 4, 2021, Judge Hardy

conducted a status conference with counsel. The same day, he issued an order directing that Newton was to submit an itemization of damages and settlement demand to PSP counsel by February 18, 2021. Each party was also directed to provide a confidential position letter to Judge Hardy. ECF Nos. 87 and 88. Therefore, the calculation of the identified damages information was requested by Judge Hardy relative to the judicial mediation. The time spent by Newton's counsel, as referenced in these two entries, is reasonable given the requested submissions directed by Judge Hardy to facilitate pre-trial resolution of this matter.

The next entry that the PSP complains about is:

| 3/24/2021 | NVL | Draft Plaintiff's Pretrial Statement and damages exhibit. | 3.50 | $375.00 | $1,312.50 |

ECF No. 173-7 at 30.

This entry relates to preparation of Newton's pretrial statement. On February 18, 2021, the Court issued an Amended Pretrial Order rescheduling the trial date due to the Covid pandemic and setting the deadlines for the filing of pretrial statements. ECF No. 91. In the Amended Pretrial Order, the Court expressly directed that Newton's pretrial statement address the requirements set forth in Local Civil Rule 16.1.4. Id.

Local Civil Rule 16.1.4 provides that the plaintiff's pretrial statement shall include:

> a. a brief narrative statement of the material facts that will be offered at trial;
>
> b. a statement of all damages claimed, including the amount and the method of calculation of all economic damages;
>
> c. the name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises, and identifying each witness as a liability and/or damage witness;
>
> d. the designation of those witnesses whose testimony is expected to be presented by means of a deposition and the designation of the portion of each

11

> deposition transcript (by page and line number) to be presented if already deposed (and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony);
>
> e. an appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those that the party expects to offer and those that the party may offer if the need arises and assigning an exhibit number to those that the party expects to offer;
>
> f. a list of legal issues that the party believes should be addressed at the final pretrial conference;
>
> g. copies of all expert disclosures that the party made pursuant to Fed. R. Civ. P. 26(a)(2) with respect to expert witnesses identified in the pretrial statement pursuant to LCvR 16.1.C.1.c; and
>
> h. copies of all reports containing findings or conclusions of any physician who has treated, examined, or has been consulted in connection with the injuries complained of, and whom a party expects to call as a witness at the trial of the case.

LCvR 16.1.4.

Upon review of the submitted time entries, the Court finds that the 3.50 hours spent by Attorney Lykos preparing Newton's pretrial statement and updated damages calculations is appropriate and reasonable.

The next two entries that the PSP objects to are:

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 10/15/2021 | NVL | Update damages calculations for use at trial; Adjust damages exhibit for use at trial. | 0.80 | $375.00 | $300.00 |
| 10/19/2021 | NVL | Review updated pay scales and recalculate Plaintiff's back pay, front pay and SERS damages. | 1.50 | $375.00 | $562.50 |

ECF No. 173-7 at 42.

Despite the PSP's objections to these two entries, the PSP acknowledges in its Response that "some of the revisions were due to new pay scales." ECF No. 175 at 2. It is

certainly reasonable for Newton's counsel to spend 2.3 hours updating the damages calculations based on the new pay scales issued by the PSP and the corresponding impact on Newton's SERS calculations of losses. As such, the two entries for a total of 2.3 hours, necessitated by PSP pay scale changes, are reasonable and appropriate.

Finally, the PSP objects to time entries associated with the November 2021 trial of this case. The PSP cites to three time entries for a total of 4.5 hours of time. Based on the Court's review, it appears that these objections actually relate to four time entries, as set forth below.

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 11/04/2021 | NVL | Review and revise Plaintiff's damages exhibit, recalculating SERS impact damages; Meet with CER to review revisions to Plaintiff's damages exhibit; Email counsel and Court re revised Exhibit P3; Exchange emails with counsel re explanation of damages calculations; Make further revisions to SERS impact calculation; Draft outline of how damages calculations were done for defense counsel; Email revised calculations and explanation for calculations to defense counsel. | 2.50 | $375.00 | $937.50 |
| 11/04/2021 | NVL | Meet with CER to review and revise Plaintiff's damages exhibit. | 0.50 | $375.00 | $187.50 |
| 11/04/2021 | CER | Meet with NVL to review and revise Plaintiff's damages exhibit. | 0.50 | $525.00 | $262.50 |
| 11/10/2021 | NVL | Review and revise final back pay and front pay calculations; Email revised charts to counsel for discussion. | 1.00 | $375.00 | $375.00 |

ECF No. 173-7 at 47, 50.

Jury selection in this case was conducted on November 3, 2021, and the trial of this case commenced on November 8, 2021, and continued through November 12, 2021. Once liability was found by the jury, the key issues for the Court to determine were back pay, interest, and front pay

13

damages as well as SERS losses. These calculations also required consideration of present value reductions based on differing rates. Given the variables involved in these calculations, including the number of work years at issue, the 4.0 hours of attorney time spent on these calculations during trial is reasonable.

Based on the Court's review of the identified entries, the Court finds that the PSP's requested deduction of 10 hours for work relative to certain damages calculations is not warranted or supported by the record.

As to the second prong of the lodestar analysis assessing the reasonableness of hours expended by Newton's counsel, the Court finds that the PSP's challenges to the above identified time entries are without merit. Accordingly, the Court concludes that the hours expended by Newton's counsel, as set forth in the fee petition and Exhibit 7 to the petition, are reasonable. ECF No. 173; ECF No. 173-7.

### C. Results obtained

After the court has calculated the lodestar, the court may adjust the fee for other considerations, including the "results obtained." Hensley, 461 U.S. at 434. "This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." Id. In that situation, the court must address two questions. "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" Id.

With respect to the first question, if a court determines that litigation of unsuccessful claims is distinct from claims on which the party succeeded, it may reduce the hours spent litigating the unsuccessful claims. Hensley, 461 U.S. at 434-35. An award of attorneys' fees should not simply

reflect a mathematical ratio between the successful and unsuccessful claims. McKenna v. City of Philadelphia, 582 F.3d 447, 458 (3d Cir. 2009); Public Interest Research Group of New Jersey v. Windall, 51 F.3d 1179, 1190 (3d Cir. 1995) (a simple mechanistic reduction based solely on the ratio of successful claims is precluded by Hensley).

The second question a court may consider is the overall degree of success. Spencer v. Wal-Mart Stores, Inc., 469 F.3d 311, 318 (3d Cir. 2006) ("Where a plaintiff has achieved only partial or limited success, a district court may adjust the fee downward."); Hensley, 461 U.S. at 434-46; McKenna, 582 F.3d at 458.

> The amount of damages awarded, when compared with the amount of damages requested, may be one measure of how successful the plaintiff was in his or her action, and therefore "may be taken into account when awarding attorneys' fees to a civil rights plaintiff."

Washington v. Philadelphia Cty. Ct. of Common Pleas, 89 F.3d 1031, 1042 (3d Cir. 1996) (quoting Abrams v. Lightolier, 50 F.3d 1204, 1222 (3d Cir. 1995)). A court, however, may not reduce fees merely to maintain a proportionality between the fees and the award. Id.

In this case, Newton was the prevailing party at trial on his wrongful termination claim. The PSP was the prevailing party on the failure to promote claim. Thus, the PSP argues that Newton should not be awarded fees for work done on his unsuccessful claims. ECF No. 175 at 3. The PSP also argues that several of Newton's claims were barred or did not go to trial. Id. The PSP asserts that because Newton did not prevail on his failure to promote claim and the previously dismissed or withdrawn claims, the lodestar should be reduced by 30%. Id.

1. **Interrelation of claims**

In Hensley, the United States Supreme Court explained:

Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as

15

> a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.
>
> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some case of exceptional success, an enhanced award may be justified. In these circumstances, the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.

Hensley, 461 U.S. at 435.

In the instant case, the PSP acknowledges in its Response that while Newton litigated only the failure to promote claim until September 2020 (when the PSP forced Newton to retire), work done on the failure to promote claim by Newton's counsel was "intertwined" with work done on his forced retirement claim. ECF No. 175 at 5.

Furthermore, the record in this case reflects that Newton's Rehabilitation Act claims and those claims that did not proceed to trial are based on a common factual background and an alleged pattern of discriminatory conduct by the PSP following Newton's diagnosis, surgery, and treatment for osteosarcoma. Ultimately, the alleged pattern of discriminatory conduct resulted in the termination of his employment by the PSP based on his disability. Thus, the attorneys' fees set forth in the pending motion are attributable to Newton's overlapping disability discrimination related claims, including time spent in preparation of filings, discovery, depositions, motions practice, and preparation for trial. As a result, the attorney's fees entries are not separated by claim and, as a practical matter, could not be. For these reasons, Newton's successful termination claim brought under the Rehabilitation Act is interrelated to his failure to promote claim as well as his other discrimination claims.

### 2. Level of success

As addressed above, a plaintiff is considered to be a prevailing party if he or she is successful on any significant issue in litigation which achieves some of the benefit the parties sought in advancing the lawsuit. Farrar v. Hobby, 506 U.S. 103, 109 (1992). When a plaintiff "achieves a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award," he or she should recover a full compensatory fee. Hensley, 461 U.S. at 435. In making this assessment, the Court "should focus on the significance of the overall relief obtained by the plaintiff." Id. "Where a plaintiff has obtained excellent results, his [or her] attorney should recover a fully compensatory fee," and "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." Id.

In considering the level of success achieved in this case, it is important to recognize the results obtained at trial. The liability and compensatory damages portions of this case were tried before a jury. The jury considered both of Newton's Rehabilitation Act claims; first, his failure to promote claim arising from the PSP's refusal to promote Newton from Trooper to Corporal because of his disability; and second, Newton's claim that the PSP forced him to retire and terminated his employment because of his disability. The jury found in favor of Newton on the termination claim and awarded him $100,000 in compensatory damages. ECF No. 155. As to the failure to promote claim, the jury found that Newton met his burden of proof that he was a qualified individual able to perform the essential functions of the job of Corporal, with or without reasonable accommodation. However, the jury found that Newton did not establish that his disability was the sole factor in the PSP's decision not to promote him to the rank of Corporal. Id.[6]

---

[6] Newton sought only $17,631 in lost back pay on the failure to promote claim. This amount represented the difference in his salary in the position of Trooper and the salary in the position of Corporal from March 11, 2017 (the failure to promote date) and September 1, 2020 (the date of his termination). ECF No. 98-1 at 1.

17

Following the nonjury portion of the trial, the Court awarded back pay, prejudgment interest, front pay, and lost pension benefits in the amount of $ $1,653,274.00 relative to the termination claim. ECF No. 177.

As the prevailing party, Newton's counsel obtained significant monetary damages for their client in back pay, front pay, and lost pension benefits. Counsel also obtained a substantial award of compensatory damages. The combined damage awards total $1,753,274.00. And, while it may be true that the jury did not completely find in favor of Newton on his failure to promote claim, "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." Hensley, 461 U.S. at 435.

For these reasons, the Court finds that Newton's counsel achieved substantial success on the significant issue of wrongful termination under the Rehabilitation Act, and obtained a most substantial portion of the damages that he sought resulting from the unlawful discriminatory conduct of the PSP. This level of success does not warrant a reduction in the attorneys' fees as requested by the PSP. Rather, Newton's counsel is entitled to recover "the full compensatory fee" for "excellent results." Id.

### D. Reasonable Expenses

Newton also seeks an award of $4,918.41 for expenses reasonably necessary for the successful prosecution of this action. ECF No. 173 at 6; ECF No. 173-8. In its Response, the PSP agrees that these expenses are reasonable. ECF No. 175 at 1. Accordingly, the Court finds that an award of expenses in the amount of $4,918.41 is reasonable and appropriate.

## IV.   CONCLUSION

For the foregoing reasons, as the prevailing party, Newton is entitled to reasonable attorney's fee and costs.  The Court finds that Newton's requests for attorney's fees and expenses are reasonable both as to the hourly rates charged and the hours expended in significant litigation, given the substantial level of success achieved.  Therefore, Plaintiff's Motion for Attorney's Fees and Expenses is granted.  An appropriate Order follows:

## **ORDER**

AND NOW, this 24th day of March, 2022, upon consideration of the Motion for Attorney's Fees and Expenses, filed on behalf of Plaintiff Robert M. Newton, ECF No. 173, and the Response in Opposition filed by Defendant Pennsylvania State Police, ECF No. 175, and for the reasons set forth in the accompanying Memorandum, IT IS HEREBY ORDERED that the motion is granted.

IT IS FURTHER ORDERED that Defendant Pennsylvania State Police shall pay Plaintiff Robert M. Newton attorney's fees in the amount of $195,172.50.  The amount represents 382 hours for Attorney Lykos at $375 per hour for $143,250.00 and 98.9 hours for Attorney Ramage at $525 per hour for $51,922.50.

IT IS FURTHER ORDERED that Defendant Pennsylvania State Police shall pay Plaintiff Robert M. Newton expenses in the amount of $4,918.41.

IT IS FURTHER ORDERED that the Court will consider a supplemental motion for attorney's fees and costs incurred after the submission of the instant fee petition, but only after the

parties meet and confer to attempt to constructively resolve the final/supplemental attorney's fees and costs without further intervention by the Court.

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record by Notice of Electronic Filing